**UNITED STATES of America, Plaintiff–Appellee**

v.

**Albert James HOLSTON, Defendant–Appellant.**

No. 11–50637
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 1, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Jack F. Holmes, Esq., Law Office of Jack F. Holmes, Temple, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM: *

Albert James Holston pleaded guilty to conspiring to possess with intent to distribute at least 1,000 kilograms of marijuana (count one) and conspiring to launder money (count three). His sentence was enhanced under the career offender Guideline, U.S.S.G. § 4B1.1, because the district court determined, inter alia, that he had at least two prior felony convictions of either a "crime of violence" or a "controlled substance offense" as defined in § 4B1.2. He was sentenced to 262 months of imprisonment for count one and 240 months of imprisonment for count three and five years of supervised release for count one and three years of supervised release for count three, all to run concurrently. Holston challenges his sentence, arguing that his 2003 Texas offense of evading arrest or detention using a vehicle in violation of Section 38.04(a) and (b)(1) of the Texas Penal Code was not a crime of violence. The Government moves for summary affirmance, or, in the alternative, for an extension of time to file a brief.

We review the district court's interpretation or application of the Guidelines de novo. *United States v. Cisneros–Gutierrez,* 517 F.3d 751, 764 (5th Cir.2008). A crime of violence is defined as, inter alia, "any offense . . . that . . . is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 4B1.2(a)(2).

In *United States v. Harrimon,* 568 F.3d 531, 532–33, 536 (5th Cir.2009), we held that a § 38.04(b)(1) offense is a violent felony under the Armed Career Criminal Act (ACCA) because "fleeing by vehicle poses a serious risk of injury to others." Our treatment of "violent felony" under the ACCA is interchangeable with our treatment of "crime of violence" under § 4B1.2(a)(2). *United States v. Moore,* 635 F.3d 774, 776 (5th Cir.), *cert. denied,* — U.S. ——, 132 S.Ct. 399, 181 L.Ed.2d 256 (2011). "It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *Burge v. Parish of St. Tammany,* 187 F.3d 452,

---

466 (5th Cir.1999). Accordingly, absent any change in the law, *Harrimon* forecloses Holston's contention that his offense was not a crime of violence.

Holston nonetheless argues that *Harrimon* was incorrectly decided since we employed the categorical approach; he argues that we should instead consider the defendant's actual conduct in determining whether an offense is a crime of violence. This argument is foreclosed. *See Sykes v. United States,* — U.S. —, —, 131 S.Ct. 2267, 2272, 180 L.Ed.2d 60 (2011); *Moore,* 635 F.3d at 776; *Burge,* 187 F.3d at 466.

In addition, Holston argues that the holding in *Harrimon* should be reconsidered because the Supreme Court in *Sykes* left open the question whether an offense is a violent felony if the statute in which the offense is contained imposes different penalties depending on the degree of risk posed by the defendant's conduct. *See Sykes,* 131 S.Ct. at 2277. Because Holston was convicted only of evading arrest or detention by using a vehicle, *see* TEX. PENAL CODE ANN. § 38.04(b)(1) (2003), he argues that the elements of his offense did not include any conduct that posed a serious potential risk of harm to another. We remain bound by *Harrimon. See Burge,* 187 F.3d at 466.

The district court's judgment is AFFIRMED. The Government's motion for summary affirmance and, in the alterative, for an extension of time to file a brief is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.