# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2013

No. 12-50827
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE ANTHONY STANDBERRY,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 1:12-CR-131-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lee Standberry pleaded guilty to being a felon in possession of a firearm

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to a 180-month term of imprisonment, the mandatory minimum under the Armed Career Criminal Act ("ACCA"), after determining that he had three convictions "for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1); *see* U.S.S.G. § 4B1.4. Standberry challenges his sentence, claiming that the Texas offense of evading arrest or detention using a vehicle in violation of Texas Penal Code § 38.04(a) and (b)(1) was not a violent felony for purposes of the ACCA. The government moves for summary affirmance or, in the alternative, for an extension of time to file a brief.

A defendant convicted under § 922(g) who has three previous convictions of violent felonies or serious drug offenses occurring on different occasions shall be imprisoned for not less than fifteen years. § 924(e)(1). Section 924(e)(2)(B) defines "violent felony" as a crime that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(i), (ii). This court conducts a *de novo* review of the "legal conclusions underlying the district court's application of the ACCA." *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006).

In *United States v. Harrimon*, 568 F.3d 531, 532-33, 536 (5th Cir. 2009), we held that a § 38.04(b)(1) offense is a violent felony under the ACCA because "fleeing by vehicle poses a serious risk of injury to others." *Harrimon* forecloses Standberry's contention that his offense was not a violent felony.

Standberry maintains, as he did in the district court, that his Texas conviction of evading arrest with a vehicle does not constitute a violent felony for purposes of the ACCA because the Texas offense can be committed by fleeing in any vehicle, not just a motor vehicle. He contends that because in *Sykes v. United States*, 131 S. Ct. 2267 (2011), the Court emphasized the importance of the use of a motor vehicle during flight, this court should reconsider *Harrimon*

2

in the light of *Sykes*, which, he argues, implicitly overruled *Harrimon.* In *Harrimon*, we acknowledged the possibility that the vehicle involved in the Texas evading arrest offense need not be an automobile. *Harrimon*, 568 F.3d at 535 ("Fleeing by vehicle is also violent: the use of a vehicle, usually a car, to evade arrest or detention typically involves violent force which the arresting officer must in some way overcome."). In *Sykes*, 131 S. Ct. at 2270, 2277, the Court held that a conviction under Indiana's 2004 vehicle-flight law constituted a violent felony under the ACCA. Standberry has not demonstrated that *Sykes* overruled *Harrimon,* either explicitly or implicitly.

Standberry avers that the residual clause of the ACCA is unconstitutionally vague and cites, *inter alia*, the dissent in *Sykes* in support. *See Sykes*, 131 S. Ct. at 2287 ("[T]he clause is too vague to yield 'an intelligible principle[.]'") (Scalia, J., dissenting). As Standberry concedes, however, the Supreme Court has rejected the argument that the residual clause is unconstitutionally vague. *United States v. Gore*, 636 F.3d 728, 742 (5th Cir. 2011) (citing *James v. United States*, 550 U.S. 192, 210 n.6 (2007)).

The judgment of sentence is AFFIRMED. The government's motion for summary affirmance or, in the alterative, for an extension of time to file a brief is DENIED.