# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2013

Lyle W. Cayce
Clerk

No. 13-20058
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EUGENE THOMAS HOOVER, III,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-889-1

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eugene Thomas Hoover, III, proceeding *in forma pauperis*, appeals his guilty-plea conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Regarding his conviction, Hoover maintains 18 U.S.C. § 922(g)(1) is unconstitutional on its face, and as applied to him, because the Commerce Clause does not authorize Congress to criminalize purely local possession of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm merely because it was shipped or transported in interstate commerce at some point in the past.  He concedes this claim is foreclosed by *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001), and raises it only to preserve it for possible further review.

Concerning Hoover's numerous challenges to his sentence, and although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 48-51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).  As with his challenge to his conviction, Hoover concedes that several of his challenges to his sentence are also foreclosed.

First, Hoover asserts the district court erred in determining his prior conviction for burglary of a habitation with intent to commit theft under Texas Penal Code § 30.02(a) was a violent felony for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  He contends the indictment charged him with the burglary offense in a manner incorporating Texas' unique "greater right of possession" theory and that this overly broad definition of burglary is not a generic burglary under the ACCA.  Hoover concedes this claim is foreclosed by *United States v. Morales-Mota,* 704 F.3d 410, 412 (5th Cir.), *cert. denied*, 133 S. Ct. 2374 (2013), but he raises it to preserve it for possible further review.

No. 13-20058

Second, Hoover contends the court erred in determining his prior conviction for evading arrest with a motor vehicle under Texas Penal Code § 38.04(a) was a violent felony for purposes of the ACCA. In *United States v. Harrimon*, our court held that Texas offense was a violent felony under the ACCA because "fleeing by vehicle poses a serious risk of injury to others". 568 F.3d 531, 536 (5th Cir. 2009). The Supreme Court, in *Sykes v. United States*, subsequently held an Indiana conviction for resisting law enforcement through felonious vehicle flight was a violent felony under the ACCA's residual clause, § 924(e)(2)(B)(ii). 131 S. Ct. 2267, 2272, 2277 (2011) (noting the Court's decision is consistent with *Harrimon*). And, our court has held *Sykes* did not overrule *Harrimon*, either explicitly or implicitly. *E.g.*, *United States v. Standberry*, ___ F. App'x ___, 2013 WL 5976454, at *1 (5th Cir. 23 April 2013) (holding *Sykes'* focus on use of motor vehicle did not overrule *Harrimon*). Therefore, we are bound by *Harrimon*. *United States v. Holston*, 471 F. App'x 308, 309 (5th Cir. 2012). Thus, the district court did not err in determining Hoover's evading-arrest-with-a-motor-vehicle conviction was a violent felony.

Third, because the factual basis for ACCA sentencing enhancements was used to raise the statutory maximum sentence applicable to him, Hoover asserts these facts must be charged in the indictment and either proved to a jury or admitted by him. Hoover concedes this claim is foreclosed, and raises it only to preserve it for possible further review. *See James v. United States*, 550 U.S. 192, 213-14, n.8 (2007) (holding categorical approach to determine whether a prior conviction qualifies as a violent felony for ACCA purposes "raises no Sixth Amendment issue"); *see also United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006) ("'[N]either the [ACCA] nor the Constitution requires a jury finding on the existence of the three previous felony convictions required for the enhancement'".) (citation omitted).

No. 13-20058

Fourth, Hoover claims §§ 924(e)(1) and (e)(2)(B)(ii) (the residual clause), which provide for a sentence enhancement on a prior conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" are unconstitutionally void for vagueness. In *James*, the Supreme Court observed this residual clause "is not so indefinite as to prevent an ordinary person from understanding what conduct it prohibits". *James*, 550 U.S. at 210 n.6 (citation omitted). Therefore, Hoover's claim is foreclosed by *James*. *United States v. Gore*, 636 F.3d 728, 742 (5th Cir. 2011).

AFFIRMED.