# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2014

Lyle W. Cayce
Clerk

No. 13-10413
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LUCIAN LEE SPANN,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-126-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Lucian Lee Spann pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because the district court determined that Spann had at least three prior convictions for either violent felonies or serious drug offenses. He received a 184-month prison term. Relying on *National Federation of Independent Business v. Sebelius*, 132

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

S. Ct. 2566 (2012) (*National Federation*), Spann contends that 18 U.S.C. § 922(g)(1) exceeds Congress's power under the Commerce Clause.  Spann argues that § 922(g)(1) is unconstitutional as applied because his factual resume did not state that his possession of the firearm was an economic activity and failed to reflect that he was engaged in the relevant market at the time of the regulated conduct.  He also contends that § 922(g)(1) is facially unconstitutional because *National Federation* interprets the Commerce Clause to mandate that "Congress may regulate only ongoing economic activity," and his possession of a firearm purchased many years ago does not qualify.

We review Spann's arguments de novo.  *United States v. Kay*, 513 F.3d 432, 440 (5th Cir. 2007).  This court rejected Spann's arguments regarding *National Federation* in *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013), *cert. denied,* 2014 WL 682525 (Mar. 24, 2014) (No. 13-8792).

Spann also argues that the Texas offense of evading arrest using a vehicle in violation of Texas Penal Code § 38.04(b)(1)(B) is not a violent felony for purposes of the ACCA.  He contends that his evading arrest conviction did not constitute a violent felony because the Texas offense can be committed by fleeing in any vehicle, not just a motor vehicle.  He argues that because in *Sykes v. United States*, 131 S. Ct. 2267 (2011), the Supreme Court emphasized the importance of the use of a motor vehicle during flight, this court should reconsider *United States v. Harrimon,* 568 F.3d 531, 536 (5th Cir. 2009), which held that the Texas offense of evading arrest with a vehicle was a violent felony under the ACCA because "fleeing by vehicle poses a serious risk of injury to others."  We review de novo the district court's "legal conclusions underlying the district court's application of the ACCA."  *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006).  In *Sykes*, the Supreme Court held that an Indiana conviction for resisting law enforcement through felonious

No. 13-10413

vehicle flight was a violent felony under § 924(e)(2)(B)(ii)'s residual clause. 131 S. Ct. at 2277. The Supreme Court noted that this decision was consistent with decisions of various circuit courts including this court's decision in *Harrimon*. *Id.* at 2272. We have rejected the arguments that the Texas statute is not a violent felony because it can be committed by fleeing in any vehicle, not just a motor vehicle, and that *Sykes* overruled *Harrimon* because it emphasized the use of a motor vehicle during flight. *See United States v. Standberry*, 546 F. App'x 381, 382 (5th Cir. 2013). Because *Sykes* did not overrule *Harrimon* either explicitly or implicitly, we are bound by our decision in *Harrimon*. *Id.* As the evading arrest conviction is Spann's third qualifying conviction for the armed career criminal enhancement, we do not address whether Spann's robbery conviction is a violent felony under the ACCA. *See* 18 U.S.C. § 924(e).

Finally, Spann argues that the residual clause of the ACCA is unconstitutionally vague and cites, inter alia, JUSTICE SCALIA's dissent in *Sykes* in support. *See Sykes*, 131 S. Ct. at 2284. As Spann concedes, however, the Supreme Court has rejected the argument that the residual clause is unconstitutionally vague. *See United States v. Gore*, 636 F.3d 728, 742 (5th Cir. 2011) (citing *James v. United States*, 550 U.S. 192, 210 n.6 (2007)).

AFFIRMED.