# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11097
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL NERIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-388

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Michael Neria was indicted for being a felon in possession of a firearm. He filed a motion to suppress his statements and all evidence resulting from an investigatory stop. The district court held a hearing and denied the motion to suppress. The district court found that the police officers had probable cause to conduct an investigatory stop because Neria's vehicle was parked illegally.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11097

Following a bench trial, the district court found him guilty of being a felon in possession of a firearm.

Because Neria was convicted under 18 U.S.C. § 922(g) and the district court found that Neria had at least three prior violent felony convictions, he was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The advisory guidelines range for Neria without consideration of any statutory minimums or maximums would have been 151 to 188 months. However, because of the ACCA's mandatory minimum sentence, the range became 180 to 188 months. The district court commented: "I am not certain that this would be the same sentence [if the guidelines were different]." Without the ACCA enhancement, the statutory maximum would have been 120 months which would result in a guidelines range of 120 months. The district court sentenced Neria to 180 months of imprisonment and two years of supervised release.

Neria argues that the district court erred by denying the suppression motion. He asserts that the district court erred by concluding that a parking violation was the equivalent of a traffic violation in justifying an investigatory stop. In an unpublished case, *United States v. Lancaster*, No. 95-10017, 1995 WL 696858, 1, 3 (5th Cir. Oct. 27, 1995) (unpublished), we held that a parking violation allowed an officer to investigate in the same manner as a moving violation. Because it was issued prior to January 1, 1996, *Lancaster* has precedential value. *See* 5TH CIR. R. 47.5.3. Therefore, Neria has not shown that the district court erred in denying his motion to suppress. *See United States v. Garcia*, 604 F.3d 186, 190 (5th Cir. 2010).

Neria argues that the district court erred in imposing the ACCA enhancement. The third Texas conviction used to apply the ACCA to Neria was for evading arrest or detention using a motor vehicle. We have held that

the Texas offense of evading arrest using a vehicle is a violent felony under the residual clause of the ACCA. *See United States v. Spann*, 562 F. App'x 237, 238 (5th Cir.), *cert. denied*, 135 S. Ct. 220 (2014). In *Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

Neria did not object to the application of the ACCA on due process grounds in the district court,[1] so his challenge to the application of the ACCA raised on appeal (by supplemental briefing) is reviewed for plain error. *See United States v. Chavez-Hernandez,* 671 F.3d 494, 497 (5th Cir. 2012). We conclude that the district court committed error that was plain because *Johnson* makes the error plain, and it is sufficient for plain error purposes if the error is plain at the time of appeal. *Henderson v. United States*, 133 S. Ct. 1121, 1130-31 (2013). We note that the Government concedes that Neria was not subject to the ACCA following *Johnson* because his conviction for evading arrest using a motor vehicle did not qualify as a violent felony and that Neria's sentence should be vacated and remanded for resentencing.

Turning to the third prong of plain error review, we must determine if the error affected Neria's substantial rights. *United States v. Escalante*-Reyes, 689 F.3d 415, 425 (5th Cir. 2012) (en banc). Given that the district court assessed a punishment at the bottom of the incorrectly-determined guidelines range and which is five years higher than the statutory maximum would be without the erroneous application of the ACCA, we conclude that the error affected Neria's substantial rights. We then turn to the final prong of the plain error test:  we have discretion to correct the error if it affects "the fairness,

---

[1] He did object to application of the ACCA on other grounds, which we do not reach, given our disposition here.

integrity, or public reputation of the judicial proceedings." *Id.* (internal citation and quotation marks omitted). Regarding whether we should exercise our discretion to grant relief under the strict requirements of the fourth prong, it is significant that the government, in a supplemental letter addressing *Johnson* sent at the request of this court, takes the position that the sentence "cannot stand even on plain-error review" and that "the government recognizes that remand for resentencing is appropriate." Although we are not bound by a governmental concession of reversible plain error, *United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013) (per curiam), we are willing, under the circumstances presented here, to exercise our discretion in light of the government's position. We make no comment on whether, absent that, we would have exercised that discretion

Neria's conviction is AFFIRMED, his sentence is VACATED, and the case is REMANDED for resentencing in conformity with *Johnson*.