# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2011

No. 10-30352

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TROY LEE MOORE

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:

Defendant-Appellant Troy Lee Moore challenges his sentence of 327 months of imprisonment, which was calculated, in part, on the district court's determination that Louisiana's aggravated battery statute[1] qualifies as a crime of violence under §4B1.2(a) of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") thereby constituting Moore a "Career Offender" under U.S.S.G. § 4B1.1(a).  We agree with the district court and affirm Moore's sentence.

---

[1] LA. REV. STAT. § 14.34 ("§ 14.34").

No. 10-30352

## I. FACTS & PROCEEDINGS

### A. *Facts*

According to the factual basis of Moore's guilty plea, he was involved in a drug distribution organization that conspired to bring cocaine and marijuana from Texas into Louisiana. That organization sought to obtain and distribute five or more kilograms of cocaine hydrochloride, fifty grams or more of crack cocaine, and more than one thousand pounds of marijuana. The Federal Bureau of Investigation taped several phone calls made by Moore to his co-conspirators, in each of which Moore negotiated the purchase of several ounces of cocaine.

### B. *Proceedings*

Moore pleaded guilty to participating in a criminal conspiracy to distribute and possess with intent to distribute five hundred grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846. Moore also pleaded guilty to a bill of information used to establish a prior conviction for a felony drug offense and confirmed his prior Louisiana conviction for possession of cocaine.[2] The district court determined that Moore is a Career Offender and imposed a sentence of 327 months of imprisonment, which is at the top of the Guidelines' range, citing Moore's extensive criminal history. After Moore late-filed a notice of appeal, we remanded the case to the district court to determine whether Moore's filing of that notice was untimely because of excusable neglect or good cause. On remand, the district court determined that Moore's untimely filing resulted from neither excusable neglect nor good cause.

Moore then filed another appeal, after which he and the government jointly moved to remand to the district court for re-sentencing, to supplement the

---

[2] LA. REV. STAT. 40:967(C)(2).

2

No. 10-30352

record with Supreme Court-approved documents, and to provide us with a complete record on appeal. We granted that motion.

During the re-sentencing hearing, the district court again ruled that Moore is a Career Offender and sentenced him to 327 months of imprisonment. As before, Moore's extensive criminal history, including his Louisiana conviction for aggravated battery with a vehicle, was used by the sentencing court to justify its determination of Moore's status as a career criminal and the sentence imposed.  Moore timely filed a notice of appeal.

## II.  STANDARD OF REVIEW

We review a district court's application of the Guidelines de novo.[3]  We review the factual findings of the district court for clear error.[4]

## III.  ANALYSIS

According to the Guidelines, a defendant is a Career Offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[5]

As Moore was over eighteen and his offense of conviction is a controlled substance felony, we need address only whether he has two or more prior felony convictions for either a crime of violence or a controlled substance offense.  A

---

[3] *United States v. Mohr*, 554 F.3d 604, 606 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 56 (2009).

[4] *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (quoting *United States v. Juarez Duarte*, 513 F.3d 204, 208 (5th Cir. 2008) (*per curiam*)).

[5] U.S.S.G. § 4B1.1(a).

3

No. 10-30352

crime of violence is defined as an offense that is punishable by imprisonment for a term exceeding one year and:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[6]

An offense may qualify as a crime of violence under Guidelines §4B1.2(a) in any one of three ways: The offense (1) is identified in the enumerated list of offenses; (2) "has as an element the use of force"[7]; or (3) involves conduct that presents a serious potential risk of physical injury to another. To make this determination, we employ the categorical approach, *viz.*, we look to the elements of the offense and not the defendant's specific conduct.[8] Because of the similarities between U.S.S.G. §§ 2L1.2(b)(1)(A), 4B1.2(a), 4B1.4(a), and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably.[9]

At issue here is whether Moore's Louisiana conviction for aggravated battery with a motor vehicle is "a battery committed with a dangerous weapon."[10] Battery is defined in Louisiana as "the intentional use of force or violence upon the person of another; or the intentional administration of a poison

---

[6] U.S.S.G. § 4B1.2(a).

[7] *United States v. Velasco*, 465 F.3d 633, 637 (5th Cir. 2006) (citing *United States v. Rayo-Valdez*, 302 F.3d 314, 316-19 (5th Cir. 2002)).

[8] *Begay v. United States*, 553 U.S. 137, 141 (2008); *Shepard v. United States*, 544 U.S. 13, 19 (2005).

[9] *See Mohr*, 554 F.3d at 609 n.4 (citing *United States v. Hawley*, 516 F.3d 264, 271-72 (5th Cir. 2008); *Velasco*, 465 F.3d at 641 n.9; *United States v. Montgomery*, 402 F.3d 482, 488 n.28 (5th Cir. 2005)).

[10] LA. REV. STAT. § 14.34.

or other noxious liquid or substance to another."[11]   And, in Louisiana, the category of dangerous weapons "includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."[12]  Here, the "instrumentality" in question is a motor vehicle.

Even if we assume *arguendo* that aggravated battery, as defined by Louisiana, does not qualify as a crime of violence under Guidelines § 4B1.2(a)'s enumerated offenses and does not include the use of force as an element, it is indisputably a crime of violence under the residual clause of § 4B1.2(a).  This is because it "involves conduct that presents a serious potential risk of physical injury to another."  To qualify, the conduct at issue must be "purposeful, violent, and aggressive . . . ."[13]   "Physical injury need not in fact result, but the indictment must make it clear that the crime charged in fact posed the risk."[14] Additionally, the offense must be similar in degree of risk and type to the enumerated offenses listed in § 4B1.2(a).[15]

One element of aggravated battery in Louisiana is "purposeful, violent, and aggressive conduct" that presents the risk of physical injury to another.  In deciding whether an offense comes within §4B1.2(a)'s residual clause, we "consider whether the *elements of the offense* are of the type that would justify

---

[11] LA. REV. STAT. § 14.33.

[12] LA. REV. STAT. § 14.2(A)(3).

[13] *Begay*, 553 U.S. at 144-45 (internal quotations and citation omitted).

[14] *United States v. Insaulgarat*, 378 F.3d 456, 467 (5th Cir. 2004) (citing *United States v. Lee*, 310 F.3d 787, 790-91 (5th Cir. 2002)).

[15] *Begay*, 553 U.S. at 144.

No. 10-30352

its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender."[16]

As noted above, we use the categorical approach to analyze the applicability of the residual clause.[17] In so doing, "it is permissible to use a charging instrument to pare down a statute to determine if a violation of part of a statute constitutes a crime of violence when the statute as a whole categorically does not."[18] As Moore's felony bill of information reflects that the dangerous weapon in question was an automobile, we need not consider the "intentional administration of a poison or another noxious liquid or substance" when we evaluate LA. REV. STAT. § 14.34. We need only consider "the intentional use of force or violence upon the person of another" with "any . . . instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."

There can be no doubt under this formulation that Moore's Louisiana conviction was for a crime involving a potential risk of physical injury to others. His conduct was violent or forceful, and it included the use of an instrument, *viz.*, a motor vehicle, with the potential to harm the person at whom his act was directed. In contesting this conclusion, Moore proffers the hypothetical example of a mother who *unwittingly* places her protesting child in a bathtub filled with scalding water as satisfying the elements of this statute. That example, however, is obviously distinguishable. The subject Louisiana statute expressly requires that the defendant *intentionally* employ force or violence against another, and in so doing that he employ an instrument that he either intends,

---

[16] *James v. United States*, 550 U.S. 192, 202 (2007).

[17] *United States v. Calderon-Pena*, 383 F.3d 254, 257 (5th Cir. 2004) (*en banc*).

[18] *Perez-Munoz v. Keisler*, 507 F.3d 357, 361 (5th Cir. 2007).

6

No. 10-30352

or is likely to be, deadly.[19]  Moore's use of a motor vehicle to commit a battery meets this test.

We recognize that § 4B1.2(a)'s residual clause only "covers . . . crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves."[20]  Although that section's list of enumerated offenses does not include aggravated battery by name, it does include aggravated assault.[21]  We have previously ruled that other aggravated battery statutes are sufficiently similar to aggravated assault to qualify.[22]  Like those others, Louisiana's aggravated battery statute obviously satisfies this limiting principle.

## IV. CONCLUSION

We are satisfied that because the Louisiana aggravated battery statute (1) requires a serious risk of potential physical harm to another and (2) is similar to the enumerated offense of aggravated assault, it qualifies as a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a), in turn contributing to Moore's classification as a Career Offender under § 4B1.1(a).  Accordingly, Moore's sentence is AFFIRMED.

---

[19] *See United States v. Vargas-Duran*, 356 F.3d 598, 603 (5th Cir. 2004) (*en banc*) ("The overwhelming majority of authority on the plain meaning of "use" contemplates the application of something to achieve a purpose. . . . Because we conclude that the meaning of "use of force" is free of ambiguity, we therefore hold that the plain meaning of the word "use" requires intent.").

[20] *Begay*, 553 U.S. at 143.

[21] U.S.S.G. §4B1.2 cmt. n.1 ("'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.")

[22] *See Velasco*, 465 F.3d at 637 n.4 ("Although we resolve this case under the "use of physical force" definition of a crime of violence, we note that Velasco's conviction for aggravated battery [as defined by Illinois] is sufficiently similar to the Model Penal Code's definition of aggravated assault to qualify as the enumerated offense of aggravated assault.").