**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2011

Lyle W. Cayce
Clerk

No. 10-11106
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WAYLON MCDONALD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-21-2

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Waylon McDonald appeals the sentence imposed after he pleaded guilty to bank robbery and conspiracy to commit bank robbery. He was sentenced as a career offender to a total of 262 months in prison. He challenges his career-offender status, the district court's finding that he obstructed justice, and the denial of credit for acceptance of responsibility.

First, McDonald contends that he was wrongly sentenced as a career offender because his prior Texas conviction for evading arrest in a motor vehicle

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not a "crime of violence" under U.S.S.G. § 4B1.2(a)(2). In *United States v. Harrimon*, 568 F.3d 531, 534-37 (5th Cir. 2009), we held that the Texas crime of evading arrest in a motor vehicle is a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii). The relevant residual definitions of "violent felony" under § 924(e)(2)(B)(ii) and "crime of violence" under § 4B1.2(a)(2) are interchangeable. *See United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011). *Harrimon* thus forecloses McDonald's contention that the prior crime was not a crime of violence.

In his second contention, McDonald argues that his offense level should not have been increased for obstruction of justice. This contention is not relevant to McDonald's offense level, which was determined by his career-offender status. *See* § 4B1.1(b). However, the finding of obstruction is relevant to the denial of credit for acceptance of responsibility, so we address it.

McDonald wrote several letters to his fellow conspirator, Inequa Rushing, asking her to state falsely under oath that McDonald knew nothing about the bank robbery until she came out of the bank with the money. This conduct falls squarely within the ambit of obstruction of justice. *See* § 3C1.1, comment. (n.4). The district court did not commit any error, clear or other, by finding obstruction of justice. *See United States v. Pofahl*, 990 F.2d 1456, 1481-82 (5th Cir. 1993).

McDonald finally contends that he should have been awarded credit for acceptance of responsibility despite his obstruction. Absent extraordinary circumstances, obstruction of justice shows that a defendant has not accepted responsibility, and the denial of credit for acceptance of responsibility will be affirmed unless it is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008). The record soundly refutes McDonald's assertion that he abandoned his efforts to obstruct justice. He thus shows no extraordinary circumstances warranting credit for acceptance of responsibility, and there was a firm foundation for the denial of that credit. *See id.* The district court's judgment is AFFIRMED.