**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2011

No. 09-20406

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR DANILO GARCIA-RODRIGUEZ, also known as Oscar Daniello Mendoza, also known as Roverto Ponse, also known as Carlos Rodriguez, also known as Roberto Perdomo-Ponce, also known as Roberto Perdomo Ponce, also known as Oscar Danilo Rodriguez-Gien, also known as Oscar Danilo Garcia,

Defendant - Appellant

Consolidated with
No. 09-40635

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR DANILO GARCIA-RODRIGUEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
(08-CR-767)

Nos. 09-20406 & 09-40635

Before SMITH, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

On May 2, 2011, this court issued an opinion holding that Oscar Danilo Garcia-Rodriguez was "released from imprisonment" for purposes of 18 U.S.C. § 3624(e) when he was transferred from Bureau of Prisons (BOP) custody to Immigration and Customs Enforcement (ICE) custody. *United States v. Garcia-Rodriguez*, 640 F.3d 129, 134 (5th Cir. 2011). We retained jurisdiction over the case and issued a limited remand to the district court for the purpose of determining, inter alia, the precise date on which Garcia was transferred from BOP custody to ICE custody. We received the district court's Report of Findings on July 7, 2011, and the parties declined to file supplemental letter briefs addressing the content and application of the district court's factual findings. We now issue this dispositive opinion addressing the sole issue on appeal: whether the district court had jurisdiction to revoke Garcia's three-year term of supervised release in Case No. 09-40635.

The district court found that "Garcia was transferred from BOP custody to ICE custody on October 28, 2005." We review the district court's factual finding for clear error. *See, e.g.*, *United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011). We do not find, and the parties do not argue, that the district court's determination of Garcia's transfer date of October 28, 2005, was clearly erroneous. Therefore, because the revocation warrant was issued on October 24, 2008, less than three years after Garcia's transfer, we hold that the district court had jurisdiction to revoke Garcia's supervised release. *See United States v. Jackson*, 426 F.3d 301, 304 (5th Cir. 2005).

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.