**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 25, 2011

Lyle W. Cayce
Clerk

No. 11-50230
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SANDY DEWAYNE WHITFIELD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-270-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sandy Dewayne Whitfield appeals the sentence imposed following his guilty plea conviction for felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He argues that the district court erred in determining his base offense level pursuant to United States Sentencing Guidelines § 2K2.1(a)(4) because his prior Texas conviction for evading detention using a vehicle was not a "crime of violence" for purposes of U.S.S.G. § 4B1.2(a). He concedes that his argument is foreclosed by our precedent in *United States v. Harrimon*, 568 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

531 (5th Cir. 2009); however, he contends that the Supreme Court's decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), "casts doubt on the validity of current case law" and "may affect this Court's precedent."

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). In *Harrimon*, we held that the Texas offense of evading detention with a vehicle is a violent felony under the residual clause of the Armed Career Criminal Act (ACCA) because it "involves a serious potential risk of physical injury to others." *Harrimon*, 568 F.3d at 534, 536-37. The relevant residual definitions of "violent felony" under the ACCA and "crime of violence" under § 4B1.2(a)(2) are interchangeable. *See United States v. Moore*, 635 F.3d 774, 776 (5th Cir. 2011).

In *Sykes*, the Supreme Court held that a conviction under Indiana's 2004 felony vehicle flight law constituted a violent felony under the ACCA because it created "a serious potential risk of physical injury to another." *Sykes,* 131 S. Ct. at 2273, 2277. The Court rejected Sykes's argument that because Indiana Code § 35-44-3-3(b)(1)(B) separately "criminalize[d] flight in which the offender 'operate[d] a vehicle in a manner that create[d] a substantial risk of bodily injury to another person,'" it must not have intended for § 35-44-3-3(b)(1)(A)'s general prohibition against vehicle flight "to encompass the particular class of vehicle flights that § 35-44-3-3(b)(1)(B) reache[d]." *Id.* at 2276. The Court found significant that Indiana treated "violations of subsections (b)(1)(A) and (b)(1)(B) as crimes of the same magnitude," noting that they were both class D felonies and that they carried the same range of punishment. *Id.*

Whitfield argues that flight using a vehicle under the Texas statute is not a crime of violence because, unlike the 2004 Indiana statute, the Texas statute does not separately criminalize vehicle flight that causes a substantial risk of serious bodily injury, and it provides for different sentences depending on whether or not the vehicle flight caused another person to suffer serious bodily

injury.  *See* TEX. PENAL CODE § 38.04(b)(1) and (b)(2)(B) (2003).[1]  Specifically, he reasons that because he was convicted under the state jail felony section of the Texas statute, which carries a lesser punishment than the third degree felony section of the statue, requiring that another person suffer serious bodily injury, his crime was not a violent felony under the ACCA and therefore not a crime of violence under § 4B1.2.

The *Sykes* decision in not dispositive of the issue raised by Whitfield.  In *Sykes*, the Court compared two subsections of the Indiana statute that imposed the same punishment for using a vehicle during flight and therefore both involved creating a substantial risk of bodily injury to another.  *Sykes*, 131 S. Ct. at 2276.  The Court expressly declined to consider whether a vehicular flight provision is not a crime of violence under the ACCA when the offense carries a less severe penalty than a greater offense that includes it.  *See id.* at 2277; *see also id.* at 2293 (Kagan, J., dissenting).  "It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision."  *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).  As Whitfield's argument remains foreclosed by our decision in *Harrimon*, the district court did not err in overruling his objection to its finding that he had a prior crime of violence for purposes of § 4B1.2(a).  His sentence is AFFIRMED.

---

[1] Whitfield committed the Texas offense in 2003.