# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2012

No. 11-41052
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN KEITH ANDREWS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-152-5

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Brian Keith Andrews appeals the within-guidelines sentence for his guilty plea conviction for conspiracy to possess with intent to distribute 150 grams or more of cocaine base, arguing that the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1 because his two prior aggravated assault convictions were not crimes of violence; his first aggravated assault conviction was committed when he was 17 years old; and his prior convictions were related and consolidated for sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41052

The district court did not err in sentencing Andrews as a career offender under § 4B1.1. His prior Texas aggravated assault convictions under TEX. PENAL CODE ANN. § 22.02 qualify as the enumerated offense of "aggravated assault" under § 4B1.1. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 200-01 (5th Cir. 2007). The district court did not err in considering Andrews's first aggravated assault conviction because he was convicted as an adult. The district court did not err in determining that Andrews's second aggravated assault conviction constituted a crime of violence as the indictment shows the crime posed a serious potential risk of physical injury, even though the victim did not suffer physical injury. *See United States v. Moore*, 635 F.3d 774, 777 (5th Cir.), *cert. denied*, 132 S. Ct. 399 (2011). Because Andrews's current conspiracy offense began in January 2007, within six years of his release from prison in October 2001 for his prior convictions, the district court did not err in considering them under U.S.S.G. § 4A1.2(e). *See United States v. Gipson*, 46 F.3d 472, 475 (5th Cir. 1995). Finally, Andrews's prior convictions were separated by intervening arrests and, therefore, the district court did not err in treating them as separate convictions. *See* U.S.S.G. § 4A1.2(a)(2).

Andrews maintains that the district court did not give sufficient reasons for the sentence or for rejecting his request for a variance. Because he did not raise this argument in the district court, review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Andrews has not shown that there is a reasonable probability such an error affected the sentence he received and therefore cannot satisfy his burden under plain error review. *See id.* at 364. Nonetheless, the district court provided sufficient reasons for the sentence to allow for meaningful appellate review and, therefore, the district court did not commit any error, plain or otherwise. *See United States v. Bonilla*, 524 F.3d 647, 657-58 (5th Cir. 2008).

According to Andrews, the sentence is substantively unreasonable because it is greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors; the district

court did not make findings regarding those factors, including his history and characteristics; and the district court mechanically applied the career offender enhancement.

The district court made an individualized sentencing decision after considering the advisory guidelines range, the Presentence Report, Andrews's arguments and allocution at sentencing, the sentences imposed on his codefendants, and the § 3553(a) factors, including his history and characteristics, the safety of the public, the need to promote respect for the law and to provide just punishment. His within-guidelines sentence is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). His disagreement with the district court's weighing of the § 3553(a) sentencing factors does not suffice to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Andrews has not shown that the court's choice of a within-guidelines sentence was improper. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.