# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2022

Lyle W. Cayce
Clerk

No. 19-10813

United States of America,

*Plaintiff—Appellee*,

*versus*

Treshun Devonte Bates,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-24-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before King, Graves, and Willett, *Circuit Judges*.
Per Curiam:

Treshun Devonte Bates was convicted of being a felon in possession of a firearm. He now appeals his 71-month sentence, contending that the district court improperly applied an enhancement under the Sentencing Guidelines for defendants with prior felony convictions for "crime[s] of violence." U.S.S.G. § 2K2.1(a)(4)(A). Bates's prior conviction was for Texas's version of assault of a public servant, which has a minimum mental-

No. 19-10813

state requirement of recklessness. *See* Tex. Penal Code § 22.01(a)(1), (b)(1). Recklessness crimes, Bates argues, cannot qualify as crimes of violence under the Sentencing Guidelines' version of the "elements clause." *See* U.S.S.G. § 4B1.2(a)(1) (defining crimes of violence as including certain offenses that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another"). We agree, and therefore VACATE and REMAND to the district court for resentencing.

We previously rejected Bates's argument. Our then-binding circuit precedent squarely held that Texas assault of a public servant could qualify as a crime of violence under the elements clause—even if the crime, itself, can be committed recklessly. *See United States v. Bates*, 797 F. App'x 888, 888 (5th Cir. 2020) (per curiam). We therefore initially affirmed the district court. *Id.* Bates petitioned the Supreme Court for review. The Supreme Court then issued its judgment in *Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality opinion), granted Bates's petition, vacated our judgment, and remanded back to us "for further consideration in light of [*Borden*]," *Bates v. United States*, 141 S. Ct. 2782 (2021).

In *Borden*, four justices opined that crimes that can be committed recklessly cannot qualify as a "violent felony" under the "elements clause" of the Armed Career Criminal Act. *Id.* at 1825. Justice Thomas concurred, though for a slightly different reason than the four-justice plurality gave.[1] But this is not an ACCA case. The Sentencing Guidelines do

---

[1] The ACCA's elements clause defines "violent felony" as an offense requiring the "use of physical force against the person . . . of another." 18 U.S.C. § 16(a). *Borden*'s four-justice plurality reasoned that recklessness crimes cannot meet that definition since "[t]he phrase '*against another*,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual," and "[r]eckless conduct is not aimed in that prescribed manner." 141 S. Ct. at 1825 (emphasis added). Justice Thomas concurred, though he reasoned that "a crime that can be committed through mere recklessness does not have as an element the '*use of physical force*' because that phrase

No. 19-10813

not fall under that statute. Moreover, we do not generally read fragmented Supreme Court decisions to apply broadly beyond their context. *See Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . . '" (quoting *Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (plurality opinion)). However, we have since resolved any doubt about *Borden*'s applicability to Bates, and so we must apply it now.

Specifically, in *United States v. Gomez Gomez* we held that *Marks* does not limit *Borden* to the ACCA context. ___ F.4th ___, No. 17-20526, 2022 WL 152160, at *1 n.1 (5th Cir. Jan. 18, 2022) (per curiam). In *United States v. Greer* we held that *Borden* governs what can (and can't) qualify as a crime of violence under the Sentencing Guidelines. 20 F.4th 1071, 1075 (5th Cir. 2021). And in *United States v. Anderson* we acknowledged that Texas assault of a public servant can be committed recklessly. *See* 559 F.3d 348, 355 (5th Cir. 2009) ("To have violated TEX. PENAL CODE § 22.01(b)(1) . . . Anderson must have actually 'cause[d] bodily injury to another' with a *mens rea* of at least recklessness.").[2] In the end, then, Bates is right. Under *Borden*, because Texas assault of a public servant can be committed recklessly, Bates

---

'has a well-understood meaning applying only to intentional acts designed to cause harm." *Id.* at 1835 (Thomas, J., concurring) (emphasis added) (quoting *Voisine v. United States*, 136 S. Ct. 2272, 2290 (2016) (Thomas, J., dissenting)).

[2] We recognize, of course, that *Anderson*'s specific holding—that Texas assault of a public servant qualifies as a crime of violence under the former Sentencing Guidelines' residual clause, 559 F.3d at 356—was abrogated by the Supreme Court in *Johnson v. United States* when it held the residual clause was unconstitutionally vague. 576 U.S. 591, 597 (2015). *Anderson* did not turn on the Sentencing Guidelines' elements clause, which our decision today forecloses as an avenue for finding Texas assault on a public servant as a crime of violence.

No. 19-10813

has not committed a crime of violence as defined by the Sentencing Guidelines' elements clause. Consequently, the district court erroneously applied the sentencing enhancement under U.S.S.G. § 2K2.1(a)(4)(A).

We, therefore, VACATE Bates's sentence and REMAND his case to the district court for resentencing in light of *Borden*.[3]

---

[3] We note that the Sentencing Guidelines have been updated since *Johnson*. Today, the Sentencing Guidelines also contemplate certain enumerated offenses, including "aggravated assault," can qualify as crimes of violence. U.S.S.G. § 4B1.1(a)(2). We requested supplemental briefing in this case after *Borden* issued. Yet the parties have not addressed whether Texas assault on a public servant qualifies as aggravated assault, and thus a crime of violence, under the updated Sentencing Guidelines. Nor did the district court give that as an alternative reason for Bates having committed a crime of violence under the Sentencing Guidelines. Therefore, we will not address the issue ourselves and express no opinion on its applicability on remand.