# United States Court of Appeals for the Fifth Circuit

---

No. 22-30457

---

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alvin Porterie, Jr.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CR-77-1

---

Before Richman, Haynes, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Alvin Porterie, Jr. pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court determined that Porterie had three predicate convictions under the Armed Career Criminal Act (ACCA)[1] and sentenced him to the statutory minimum: fifteen years. One of his predicate convictions was for Louisiana aggravated

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] 18 U.S.C. § 924(e).

battery.  Because Porterie has not carried his burden on plain-error review to show that Louisiana aggravated battery is not a violent felony within the meaning of the ACCA, we affirm Porterie's sentence.

**I**

Porterie pleaded guilty to a single-count indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  The presentence report (PSR) advised that Porterie was subject to the ACCA because he had three convictions for violent felonies or serious drug offenses committed on occasions different from one another.  The PSR identified three predicate offenses:

(1) A 1993 guilty plea for distribution of cocaine.

(2) A 1994 guilty plea for three counts of distribution of cocaine.  The bill of information for these charges alleged that two offenses occurred on June 14 and one on June 15.  The bill of information contains a fourth charge for distribution of cocaine, which the assistant district attorney dropped.

(3) A 2006 guilty plea for aggravated battery under Louisiana law.

When Porterie was convicted in 2006, Louisiana defined aggravated battery as "a battery committed with a dangerous weapon."[2]  Battery, in turn, was defined as "the intentional use of force or violence upon the person of another; or the intentional administration of a poison or other noxious liquid or substance to another."[3]  Although Porterie has convictions other than those listed above, the Government does not argue that those other convictions may serve as ACCA predicates.  The Government does,

_____

[2] La. Stat. Ann. § 14:34 (2006).

[3] *Id.* § 14:33.

however, assert that Porterie pled guilty to offenses that occurred on two separate occasions in 1994, the distribution of cocaine on June 14 and the distribution of cocaine on June 15. The Government contends we should count these as two separate ACCA predicate offenses.

The PSR determined that because of the qualifying convictions enumerated above, Porterie was subject to a fifteen-year mandatory minimum sentence under the ACCA.[4] Neither party objected to the PSR.

The district court adopted the PSR without change. The court determined that Porterie's convictions triggered the ACCA's mandatory minimum, which rendered a Guideline range of 180 to 188 months of imprisonment. The court then sentenced Porterie to 180 months, the statutory minimum. Porterie did not object to the sentence.

Porterie timely appealed. Initially, Porterie's counsel filed an *Anders*[5] brief concluding that there were no non-frivolous questions for this court to consider. We rejected the brief and directed counsel to address (1) whether Porterie's conviction for aggravated battery under Louisiana law constituted a "violent felony" for purposes of the ACCA, and (2) whether Porterie's 1994 convictions for cocaine distribution were committed on a single occasion for purposes of the ACCA.

## II

Porterie argues that his sentence was erroneously enhanced under the ACCA because he does not have the three requisite convictions for an ACCA enhancement. To support this contention, Porterie argues that his 1994 conviction was for a single serious drug offense because, though the

---

[4] *See* 18 U.S.C. § 924(e).

[5] *Anders v. California*, 386 U.S. 738 (1967).

sales occurred on consecutive days, they were not "committed on occasions different from one another."[6]  He also argues that the third conviction identified above—for Louisiana aggravated battery—is not a "violent felony" within the meaning of the ACCA.

Porterie did not object to the district court's treating his Louisiana aggravated battery conviction as an ACCA predicate, so we review for plain error.[7]  "To prevail on plain error review, [Porterie] must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights."[8]  "If he satisfies these three requirements, we may correct the error at our discretion if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"[9]

## A

The first question is whether Louisiana aggravated battery is clearly not a violent felony under the ACCA.  The ACCA imposes a fifteen-year mandatory minimum sentence on persons who violate 18 U.S.C. § 922(g) and who have three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another."[10]  A "violent felony" is, as relevant here, a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[11]  This is known as the "elements clause" or the "use-of-force

---

[6] *See* 18 U.S.C. § 924(e)(1).

[7] *See United States v. Trujillo*, 4 F.4th 287, 290 (5th Cir. 2021).

[8] *Id.* (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[9] *Id.* (alteration in original) (quoting *Puckett*, 556 U.S. at 135).

[10] 18 U.S.C. § 924(e)(1).

[11] *Id.* § 924(e)(2)(B).

clause."[12]   To assess whether a crime is a violent felony within the meaning of the ACCA, we "do not resort to a case-by-case evaluation of the underlying facts of each conviction."[13]   Instead, "we apply a categorical analysis to determine whether the [criminal] statute itself necessarily and invariably requires the 'use . . . or threatened use of physical force.'"[14]   "If any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the [elements clause], and so cannot serve as an ACCA predicate."[15]

Porterie does not dispute that Louisiana aggravated battery requires a quantum of force "capable of causing physical pain or injury" against the person of another as required by the elements clause of the ACCA.[16]   He contends that the Louisiana statute does not have the requisite *mens rea* to constitute a predicate offense under the ACCA.

In *Borden v. United States*,[17] the Supreme Court stated that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under the ACCA" because "[t]hey do not require, as the ACCA does, the active employment of force against another person."[18]   To be an ACCA predicate,

---

[12] *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021) (plurality opinion); *see also id.* at 1841-42 (KAVANAUGH, J., dissenting).

[13] *United States v. Garrett*, 24 F.4th 485, 488 (5th Cir. 2022), *abrogated on other grounds by Floyd v. State*, No. PD-1048-23, 2024 WL 4757855 (Tex. Crim. App. Nov. 13, 2024) (citing *Borden*, 141 S. Ct. at 1822).

[14] *Id.* (quoting *Borden*, 141 S. Ct. at 1822).

[15] *Id.* (alteration in original) (quoting *Borden*, 141 S. Ct. at 1822).

[16] *See United States v. Griffin*, 946 F.3d 759, 762 (5th Cir. 2020) (per curiam) (quoting *United States v. Gracia-Cantu*, 920 F.3d 252, 254 (5th Cir. 2019) (per curiam)).

[17] 141 S. Ct. 1817 (2021) (plurality opinion).

[18] *Id.* at 1834.

a crime must "demand[] that the perpetrator direct his action at, or target, another individual."[19]  Accordingly, a *mens rea* more culpable than recklessness is required.[20]

Both Porterie and the Government agree that aggravated battery is a general intent crime under Louisiana law.[21]  They disagree, however, whether Louisiana general intent crimes may be ACCA predicates under *Borden*.

Porterie argues that reckless or negligent conduct can satisfy Louisiana's general intent standard, arguing that general intent crimes like aggravated battery cannot be ACCA predicates.  He points to our recent decision in *United States v. Garner*,[22] in which we held that "reckless or even negligent states of mind can satisfy Louisiana's general intent standard."[23]

The Government contends *Garner* is inapplicable for three reasons.  First, it contends our decisions in *United States v. Moore*[24] and *United States v. Herrera–Alvarez*[25] control.  In *Moore* and *Herrera–Alvarez* we held that

---

[19] *Id.* at 1825.

[20] *Id.* at 1823-24 (discussing the relationship between purpose, knowledge, recklessness, and negligence); *see also Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004) (construing similar language in 18 U.S.C. § 16(a) and rejecting notion that "negligent or merely accidental conduct" could suffice for a qualifying predicate); *Borden*, 141 S. Ct. at 1824 (explaining that the Court in *Leocal* was interpreting language "relevantly identical" to the ACCA).

[21] *See State v. Howard*, 638 So. 2d 216, 217 (La. 1994) (holding that Louisiana aggravated battery is a general intent crime).

[22] 28 F.4th 678 (5th Cir. 2022) (per curiam).

[23] *Id.* at 683.

[24] 635 F.3d 774 (5th Cir. 2011) (per curiam).

[25] 753 F.3d 132 (5th Cir. 2014), *overruled by United States v. Reyes–Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc).

Louisiana aggravated battery was a crime of violence under provisions of the Sentencing Guidelines we treat "interchangeably" with the ACCA.[26] Specifically, we held in *Moore* that Louisiana aggravated battery is a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a),[27] and we held in *Herrera–Alvarez* that Louisiana aggravated battery is a crime of violence under the elements clause of U.S.S.G. § 2L1.2.[28] The Government avers that the rule of orderliness dictates that *Moore* and *Herrera–Alvarez*, being the earlier-decided cases, control. Second, the Government argues that general intent under Louisiana law equates to the common law *mens rea* of knowledge. Third, it emphasizes that *Garner* concerned Louisiana aggravated assault with a firearm, not Louisiana aggravated battery.

Our decision in *Moore* applied the residual clause of U.S.S.G. § 4B1.2(a).[29] In *Johnson v. United States*,[30] the Supreme Court held that the ACCA's residual clause is unconstitutionally vague.[31] Since we treat cases interpreting the ACCA's residual clause "interchangeably" with cases interpreting § 4B1.2(a),[32] we now acknowledge that the Court's decision in *Johnson* abrogated *Moore*'s analysis under § 4B1.2(a).[33] As for *Herrera–*

---

[26] *Moore*, 635 F.3d at 776; *accord United States v. Fuentes–Rodriguez*, 22 F.4th 504, 505 n.3 (5th Cir. 2022) (per curiam).

[27] *Moore*, 635 F.3d at 777-78.

[28] *Herrera–Alvarez*, 753 F.3d at 141-42.

[29] *Moore*, 635 F.3d at 777-78.

[30] 576 U.S. 591 (2015).

[31] *Id.* at 606.

[32] *Moore*, 635 F.3d at 776; *accord United States v. Fuentes–Rodriguez*, 22 F.4th 504, 505 n.3 (5th Cir. 2022) (per curiam).

[33] *See United States v. Powell*, 78 F.4th 203, 208 (5th Cir. 2023) (explaining that "the similarity of the issues decided" is the "overriding consideration" in determining

No. 22-30457

*Alvarez*, that case was expressly overruled in *United States v. Reyes–Contreras*.[34] The Government argues that because *Herrera–Alvarez* was decided when *United States v. Vargas–Duran*[35] was still the law of the circuit, we necessarily decided in *Herrera–Alvarez* that Louisiana aggravated battery could not be committed recklessly. But our analysis in *Herrera–Alvarez* focused on the quantum of force required under Louisiana aggravated battery, and we provided no explicit analysis about the required *mens rea*.[36] Accordingly, the rule of orderliness does not compel us to adhere to either *Moore* or *Herrera–Alvarez*.

Our decision in *Garner* held said that "reckless or even negligent states of mind can satisfy Louisiana's general intent standard."[37] That holding forecloses the Government's argument that general intent under Louisiana law equates to knowledge under the common law. Louisiana aggravated battery is also a general intent crime.[38] Accordingly, as *Garner* plainly demands, we conclude that Louisiana aggravated battery—like other Louisiana general intent crimes—can theoretically be committed at least recklessly.[39]

---

whether the Supreme Court has overridden one of our cases (quoting *Gahagan v. USCIS*, 911 F.3d 298, 302 (5th Cir. 2018))).

[34] 910 F.3d 169, 187 (5th Cir. 2018) (en banc), *abrogated by Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality opinion).

[35] 356 F.3d 598 (5th Cir. 2004) (en banc), *overruled by Reyes–Contreras*, 910 F.3d at 187.

[36] *See* 753 F.3d at 141-42 (5th Cir. 2014).

[37] *United States v. Garner*, 28 F.4th 678, 683 (5th Cir. 2022) (per curiam).

[38] *See State v. Howard*, 638 So. 2d 216, 217 (La. 1994).

[39] *See Garner*, 28 F.4th at 683.

No. 22-30457

## B

To hold that a state crime is not a violent felony, however, we have also required proof that there is a "realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime."[40]  Specifically, we have required an actual case demonstrating incompatibility between the state law and the federal generic definition: "[w]ithout supporting state case law, interpreting a state statute's text alone is simply not enough to establish the necessary 'realistic probability.'"[41]  We have applied this requirement to cases under the ACCA's elements clause, including in an en banc case.[42]  That said, at least some of our cases resolving *Borden* challenges have vacated sentences under the ACCA and its sentencing-guidelines analogues without first analyzing whether there are actual state cases demonstrating a "realistic probability" of conviction with just a reckless *mens rea.*[43]

---

[40] *Reyes–Contreras*, 910 F.3d at 184 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)), *abrogated on other grounds by Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality opinion); *see also Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (To show "a realistic probability . . . that the State would apply its statute to conduct that falls outside the generic definition of a crime[,] . . . [an offender] must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.").

[41] *Reyes–Contreras*, 910 F.3d at 184-85 (quoting *United States v. Castillo-Rivera*, 853 F.3d 218, 223 (5th Cir. 2017) (en banc)).

[42] *See, e.g.*, *United States v. Williams*, 950 F.3d 328, 329 (5th Cir. 2020) (per curiam); *United States v. Gracia–Cantu*, 920 F.3d 252, 254 (5th Cir. 2019) (per curiam); *Reyes–Contreras*, 910 F.3d at 184-85; *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017); *United States v. Carrasco–Tercero*, 745 F.3d 192, 198 (5th Cir. 2014).

[43] *See, e.g.*, *United States v. Bates*, 24 F.4th 1017, 1018-19 (5th Cir. 2022) (per curiam); *United States v. Greer*, 20 F.4th 1071, 1075-76 (5th Cir. 2021); *see also United States v. Garner*, 28 F.4th 678, 683 (5th Cir. 2022) (per curiam) (vacating a sentence and parenthetically citing a Louisiana state case without explicitly analyzing whether the case

Recently, in *United States v. Forbito*,[44] an unpublished opinion, we held that notwithstanding our conclusion in *Garner* that Louisiana's general intent statute permits a conviction with a *mens rea* of recklessness, the defendant was required to point to a case demonstrating that a conviction was upheld based on a reckless *mens rea* for the particular Louisiana offense.[45] We noted in *Forbito* that the statute of conviction in *Garner* was LA. R.S. 14:37:4, but the statute at issue in *Forbito* was LA. R.S. 14:37.7.[46] We explained in *Forbito* that the defendant's "attempt to draw similarities between LA. R.S. 14:37.4 and LA. R.S. 14:37.7 so that the *Garner* reasoning could attach to his specific predicate offense proves that the alleged error is neither clear nor obvious."[47] We concluded that "[a]t best, the extension of *Garner*'s reasoning to Louisiana domestic abuse aggravated assault is a close call, and '[c]lose calls do not cut it for plain-error review.'"[48] While *Forbito*—as a recent unpublished authority—is not binding precedent, its analysis is persuasive.[49] It is a similarly close call in this case as to whether *Garner* requires us to conclude that Louisiana courts would uphold a conviction for aggravated battery under LA. R.S. 14:33 based solely on a *mens rea* of recklessness or negligence.

---

showed a "realistic probability"); *see also United States v. Burris*, 856 F. App'x 547 (5th Cir. 2021) (per curiam) (unpublished) (vacating a sentence without determining whether there were actual state cases convicting defendants with only a reckless *mens rea*).

[44] No. 22-11026, 2023 WL 8274528 (5th Cir. Nov. 30, 2023).

[45] *See id.* at *3.

[46] *Id.*

[47] *Id.*

[48] *Id.* (quoting *United States v. McNabb*, 958 F.3d 338, 341 (5th Cir. 2020)).

[49] *See Brewster v. Dretke*, 587 F.3d 764, 768 n.1 (5th Cir. 2009) (per curiam); *see also* 5TH CIR. R. 47.5.

Porterie does not contest that there must be a case demonstrating a "realistic probability." He asserts his "best example" of a case demonstrating that Louisiana aggravated battery can be committed recklessly is *State in re T.M.*[50] In *T.M.*, a juvenile hid a pencil-sharpener razor in her mitten and high-fived two of her classmates, cutting one of them on her hand and the other on her wrist, causing both victims to bleed.[51] The juvenile said that "she didn't know a pencil sharpener razor could cut somebody."[52] The juvenile was adjudicated delinquent for committing aggravated battery, but the juvenile appealed and argued that the evidence established only that she acted with criminal negligence, not general intent.[53] Rejecting the juvenile's argument, the court stated that "[i]n general intent crimes, criminal intent necessary to sustain a conviction is shown by the very doing of the acts which have been declared criminal."[54] The court reasoned:

> In the instant case, T.M. held a razor blade in a gloved hand to conceal the blade and perhaps as a precaution against cutting herself. This seems to indicate that T.M. was aware that the blade was capable of inflicting injury. She then offered the pretense of a high-five to her classmates in order to cut them with the blade. Here, the evidence at least supports a finding of general intent: T.M. must have known that some injury was reasonably certain to result from her act of high-fiving her classmates with a razor blade in her hand.[55]

---

[50] 12-436 (La. App. 5 Cir. 11/27/12), 105 So. 3d 969.

[51] *T.M.*, 105 So. 3d at 971.

[52] *Id.* (footnote omitted).

[53] *Id.* at 971-73.

[54] *Id.* at 973 (citing *State v. Howard*, 638 So. 2d 216, 217 (La. 1994)).

[55] *Id.*

No. 22-30457

The parties draw opposite conclusions from this analysis. Porterie argues that this is a "clear holding by a Louisiana court applying general intent *mens rea* of recklessness or negligence to Louisiana aggravated battery." In support, he contends that "[i]t was enough for the Louisiana Fifth Circuit that a person be 'aware' that their actions were 'capable of inflicting injury' and the person 'must have known that some injury was reasonably certain to result from her act[ions].'" Conversely, in the Government's view, "[s]uch conduct—consciously using a razor blade to cut another person—is purposeful or knowing conduct as described in *Borden*."

The Government has the better argument. In *Borden*, the Supreme Court explained that a person "acts knowingly when 'he is aware that [a] result is practically certain to follow from his conduct,' whatever his affirmative desire."[56] In *T.M.*, the court used parallel language when it stated that the juvenile "must have known that some injury was reasonably certain to result from her" conduct.[57] Accordingly, *T.M.* is not an example of a case in which a defendant was convicted of aggravated battery with a reckless *mens rea*.

Porterie also points to *State v. Edwards*.[58] In *Edwards*, a driver crashed into an automotive dealership.[59] After a verbal altercation between the driver's husband and the dealership manager, the husband got into the car

---

[56] *Borden v. United States*, 141 S. Ct. 1817, 1823 (2021) (plurality opinion) (quoting *United States v. Bailey*, 444 U.S. 394, 404 (1980)).

[57] *T.M.*, 105 So. 3d at 973.

[58] 06-643 (La. App. 5 Cir. 3/27/07), 957 So. 2d 185.

[59] *Edwards*, 957 So. 2d at 187.

and reversed quickly into the manager.[60] The husband was convicted of aggravated battery, and he argued that the evidence demonstrated only criminal negligence and not general intent because he did not know that the manager was standing behind the car.[61] The court affirmed his conviction, pointing to testimony by prosecution witnesses who testified that the husband threatened to run over the manager and that the manager was standing behind the car throughout the confrontation.[62] The court reasoned that "[t]he jurors in this case apparently found the State's witnesses to be more credible than [the] defendant."[63] Accordingly, the court concluded that "[v]iewing the evidence in the light most favorable to the prosecution, we find a rational juror could conclude the State proved the essential elements of aggravated battery beyond a reasonable doubt."[64]

Again, Porterie and the Government take contrasting views of this case. Porterie characterizes this case as one in which the conviction was affirmed "despite defendant's argument that he did not know [the] victim was behind his vehicle . . . and only meant to scare the victim," implying that the court accepted that a reckless *mens rea* would suffice. The Government interprets the court to have reasoned that the jury rejected the husband's testimony and "believed that [he] purposely ran into the victim after threatening to do so."

This case is difficult to assess given the Louisiana court's sparse reasoning. The bare conclusion that "a rational juror could conclude the

---

[60] *Id.* at 188.

[61] *Id.* at 189-90.

[62] *Id.* at 190.

[63] *Id.*

[64] *Id.*

State proved the essential elements of aggravated battery" does not elucidate the level of *mens rea* the court held the evidence sufficient to establish.[65] Because this case is equivocal, it is insufficient to meet Porterie's burden on plain-error review.

Porterie cites a third case, *State v. Weathersby*.[66]  In *Weathersby*, the defendant was convicted of aggravated battery after he shot into a group of people who were circled around two men fighting.[67]  The Government correctly points out, however, that the court found sufficient evidence that the defendant "specifically intended to kill or inflict great bodily harm," a higher mental state than recklessness.[68]

Porterie has not pointed to an actual case in which a defendant was convicted of Louisiana aggravated battery with only a reckless *mens rea*.  He therefore has not established that the district court plainly erred in concluding that his 2006 conviction was a predicate offense that—when coupled with at least his 1993 and 1994 cocaine distribution offenses—made the ACCA applicable.

\* \* \*

For the foregoing reasons, we AFFIRM Porterie's sentence.

---

[65] *See id.* at 190.

[66] 2013-0258 (La. App. 4 Cir. 4/16/14), 140 So. 3d 260.

[67] *Id.* at 271-72.

[68] *Id.* at 28-29.

14