# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2022

Lyle W. Cayce
Clerk

No. 21-30260

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KINTE VANESS GARNER, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:19-CR-260-3

Before BARKSDALE, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:

Kinte Garner Jr. pleaded guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). Garner's presentence investigation report (PSR) deemed his prior conviction for aggravated assault with a firearm under Louisiana state law, La. R.S. 14:37.4, a "crime of violence." Garner objected, citing a recent decision from this Court which held that aggravated assault with a firearm in Louisiana is not categorically a crime of violence because the crime can be committed negligently. The district court overruled Garner's objection, holding that an amendment to

No. 21-30260

La. R.S. 14:37.4 not considered by that opinion had removed the only element that could be committed negligently.

After examining the amendment and reviewing Louisiana state courts' application of the amended statute, it is clear that aggravated assault with a firearm can still be committed negligently in Louisiana. Consistent with this Court's prior decision, we hold that La. R.S. 14:37.4 is not categorically a crime of violence as defined in the Sentencing Guidelines. We therefore VACATE Garner's sentence and REMAND for resentencing consistent with this opinion.

## I.

On January 3, 2019, an officer with the Many Police Department attempted to conduct a traffic stop "due to loud exhaust on" a vehicle being driven by Garner. Garner fled, ditched his vehicle, and ran on foot into a residential area. The officer gave chase and shot Garner in the back with his taser. After securing Garner, the officer retraced his steps searching for his lost body camera. He came across a pistol. It had been raining that day, but the gun was dry. Garner was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), to which he pleaded guilty.

Garner's PSR set his base offense level at twenty, pursuant to U.S.S.G. § 2K2.1(a)(4), because it designated his prior conviction under La. R.S. 14:37.4 a "crime of violence" as defined by U.S.S.G. § 4B1.2(a). Garner objected, arguing that this Court in *United States v. Young*, 809 F. App'x 203 (5th Cir. 2020) held that "[b]ecause Louisiana aggravated assault with a firearm can be achieved through negligent conduct, it does not constitute a violent felony." *Id.* at 209. Without this crime of violence designation, Garner argued, his base offense level should be fourteen. The probation office nonetheless declined to recalculate Garner's sentence.

No. 21-30260

At sentencing, Garner renewed his objection. The Government responded that La. R.S. 14:37.4 had been amended in 2012 "to negate any negligence element that may have been possible." Since *Young* involved a pre-2012 conviction under La. R.S. 14:37.4, that case, and the Louisiana state cases it relied on, were all "irrelevant." The district court agreed, stating that "under Louisiana law, an aggravated assault with a firearm would require an attempt to intentionally use force or threat to use force against another, all while using a firearm." Garner's prior conviction therefore met the definition of "crime of violence" provided at U.S.S.G. § 4B1.2(a), and his base offense level was twenty. Garner was sentenced to a within-guidelines term of forty-two months' imprisonment. Garner appealed.

## II.

"We review the district court's interpretation [and] application of the [Sentencing] Guidelines *de novo*." *United States v. Torres-Jaime*, 821 F.3d 577, 579 (5th Cir. 2016). Garner's appeal presents a single issue: Whether La. R.S. 14:37.4, after its 2012 amendment, no longer constitutes a "crime of violence" as defined in U.S.S.G. § 4B1.2(a). That section of the Sentencing Guidelines defines "crime of violence" as either (1) an offense punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"); or (2) an offense that is the equivalent of any of several enumerated offenses, one of which is "aggravated assault" (the "enumerated offense clause"). To determine whether La. R.S. 14:37.4 meets either of these definitions, the parties agree that we apply the categorical approach, which looks "only to the statutory definitions—i.e., the elements—of a defendant's prior offenses, and *not* to the particular facts underlying those convictions." *Descamps v. United States*, 570 U.S. 254, 261 (2013) (internal quotation marks and citation omitted). If La. R.S. 14:37.4 proscribes a broader range of conduct than that defined in the Sentencing

Guidelines, the statute is not categorically a crime of violence and cannot be used as a predicate in computing an advisory sentence. *Id.*

We examine each definition using the categorical analysis below.

## A.

An offense that can be committed negligently or recklessly is not categorically one which requires "the use of physical force against the person of another." *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). This is because "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual," and reckless or negligent conduct lacks such a high level of intention. *Borden*, 141 S. Ct. at 1825. Though *Borden* and *Leocal* interpreted the force clauses in the Armed Career Criminal Act and the Immigration and Nationality Act respectively, those force clauses share identical operative language—"against another"—with the force clause in the Sentencing Guidelines. We have thus interpreted U.S.S.G. § 4B1.2(a)(1)'s force clause to also exclude crimes that can be committed negligently or recklessly from the definition of "crime of violence." *See United States v. Greer*, 20 F.4th 1071, 1075 (5th Cir. 2021).

The question then is whether La. R.S. 14:37.4 requires the purposeful or knowing use of force, or whether it proscribes negligent or reckless uses of force as well. In *Young*, we held that La. R.S. 14:37.4 did criminalize negligent conduct, relying on the fact that Louisiana appellate courts had affirmed convictions under La. R.S. 14:37.4 in cases involving the negligent discharge of a firearm. 809 F. App'x at 207–209 (citing *State v. Julien*, 34 So. 3d 494, 499 (La. Ct. App. 3 Cir. 2010) and *State v. Qualls*, 921 So. 2d 226, 237 (La. Ct. App. 2 Cir. 2006)). The Government contends that *Young* and those Louisiana cases are no longer applicable because they interpreted a prior version of La. R.S. 14:37.4 in effect before the statute was amended to remove

No. 21-30260

"the lone element of the offense that previously could have been satisfied by negligent conduct." The amendment that accomplished this, according to the Government, was a 2012 act that changed the definition of "aggravated assault with a firearm" from "an assault committed *by the discharge of a firearm*" to "an assault committed *with a firearm*." 2012 La. Act 320 (emphasis added). Thus, the argument goes, by removing the specific discharge element, the Legislature removed "the only requirement . . . that a defendant could negligently commit."

Louisiana courts have not interpreted the amendment this way. "While discharging a firearm is [no longer] an element of the offense of aggravated assault with a firearm that the State must prove," negligent discharge still satisfies the more expansive statutory element—"with a firearm" —that the 2012 amendment enacted into law. *State v. Williams*, 236 So. 3d 604, 607 (La. Ct. App. 1 Cir. 2017). In *State v. Lee*, 321 So. 3d 970 (La. Ct. App. 1 Cir. 2021), for instance, the defendant inadvertently fired into the windshield of an SUV as it struck him in his driveway, injuring the driver. The appellate court affirmed his conviction for aggravated assault with a firearm under the amended La. R.S. 14:37.4. *Id.* at 971–72. The reckless use of a firearm can also sustain a conviction under the amended statute. *See State v. Boner*, 302 So. 3d 131, 138 (La. Ct. App. 4 Cir. 2020) (placing firearm on furniture with "reckless intent" after battering partner constitutes aggravated assault with a firearm). The 2012 amendment thus does not appear to have altered Louisiana courts' application of the statute to negligent and reckless conduct.[1]

---

[1] Indeed, the 2012 amendment does not appear to have been intended to replace a conduct element that could be accomplished negligently with one that could only be accomplished knowingly or purposefully. Rather, as the amending bill's sponsor stated, the change was meant to "remove the requirement that for aggravated assault you must

No. 21-30260

Still, the Government argues that La. R.S. 14:37.4 criminalizes "assault committed with a firearm" and emphasizes that "assault" is defined as intentional conduct in Louisiana's Criminal Code. La. R.S. 14:36 defines "assault" as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery," and La. R.S. 14:33 defines "battery" as "the intentional use of force or violence upon the person of another." Therefore an assault, including aggravated assault with a firearm, is by definition either an attempt to commit an intentional act (a battery), or an intentional act itself (intentionally placing another in reasonable apprehension of receiving a battery). In Louisiana's Criminal Code, however, "intention" has a much broader meaning than the Government—or common usage—suggests.

The Louisiana Criminal Code defines three levels of criminal culpability: specific intent, general intent, and criminal negligence. La. R.S. 14:10; 12. Though these terms may seem familiar to judges and lawyers, they have specialized meanings in Louisiana law. Specific intent is defined as the "state of mind which exists when . . . the offender actively desired" the criminal consequences to result from his conduct. La. R.S. 14:10(1). It "addresses itself to the actual thoughts of the defendant." *City of Baton Rouge v. Ross*, 654 So. 2d 1311, 1332 (La. 1995) (Calogero, J., concurring). In

---

discharge the firearm" in order to "give district attorneys the increased flexibility" to bring the charge when someone points a gun at another, but does not fire it. *Hearing on S.B. 255 before the Louisiana Senate Committee on Judiciary C* (April 3, 2012) (Statement of Senator J.P. Morrell) (Available at: https://senate.la.gov/s_video/videoarchive.asp?v=senate/2012/04/040312JUDC). The amendment thus broadened the actus reus of the crime. It did nothing to heighten the mens rea.

contrast, general intent is totally unconcerned with the defendant's state of mind. Rather, "general intent exists when from the circumstances the prohibited result may reasonably be expected to follow from the offender's voluntary act, irrespective of any subjective desire on his part to have accomplished such result." *State v. Elzie*, 343 So. 2d 712, 714 (La. 1977). "[G]eneral criminal intent focuses upon the objective activity of the defendant and its probable consequences." *Ross*, 654 So. 2d at 1332. This inquiry utilizes, in essence, an "objective approach [that] evaluates the offender's acts, not his thoughts, in light of a reasonable-person standard." Dane S. Ciolino, *The Mental Element of Louisiana Crimes: It Doesn't Matter What You Think*, 70 Tul. L. Rev. 855, 872 (1996); *see, e.g.*, *State v. Vaccaro*, No. 2020-170, 2021 WL 1017055, at **31 (La. Ct. App. 3 Cir. Mar. 17, 2021) (holding that "Defendant intentionally placed the victim in reasonable apprehension of receiving a battery involving a firearm" because "Defendant's behavior would very reasonably result in the victim's apprehension of harm").

Thus, reckless or even negligent states of mind can satisfy Louisiana's general intent standard, so long as a reasonable person would know that the criminal consequences would result from the defendant's actions. Aggravated assault with a firearm is a general intent crime. *Boner*, 302 So. 3d at 138. As such, it can be committed with "reckless intent," *id.*, or by mere negligence, *Young*, 809 F. App'x at 209, because the defendant's state of mind is irrelevant under the standard. And because aggravated assault with a firearm can be committed with these less culpable states of mind, La. R.S. 14:37.4 is not categorically a crime of violence under U.S.S.G. § 4B1.2(a)'s force clause. *Greer*, 20 F.4th at 1075. The district court erred in holding that the 2012 amendment, which made no changes to La. R.S. 14:37.4's general intent requirement, eliminated the possibility that negligent or reckless conduct could satisfy the statute.

**B.**

Though the Government only argues that La. R.S. 14:37.4 is a crime of violence under the force clause, U.S.S.G. § 4B1.2(a) also lists a number of generic offenses which qualify as crimes of violence. As noted, "aggravated assault" is one of them. U.S.S.G. § 4B1.2(a)(2). "In determining whether the state crime at issue here is the enumerated offense of 'aggravated assault,' we look to the 'generic, contemporary' meaning of aggravated assault, employing a 'common sense approach' that looks to the Model Penal Code, the LaFave and Scott treatises, modern state codes, and dictionary definitions." *United States v. Esparza-Perez*, 681 F.3d 228, 229 (5th Cir. 2012) (quoting *United States v. Inguez-Barba*, 485 F.3d 790, 791 (5th Cir. 2007). Our Court has previously taken the generic contemporary meaning of "aggravated assault" to require a purposeful, knowing, or reckless mental state. *Torres-Jaime*, 821 F.3d at 582. As discussed above, La. R.S. 14:37.4, as a general intent crime, criminalizes negligent conduct. The statute thus "encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense" of aggravated assault. *Esparza-Perez*, 681 F.3d at 230; *see also United States v. Hernandez-Rodriguez*, 788 F.3d 193, 198 (5th Cir. 2015) (discussing how Louisiana's general intent regime sweeps more broadly than the Model Penal Code's definition of intent). La. R.S. 14:37.4 is not a crime of violence under the enumerated offense clause either.

**III.**

For the foregoing reasons, we VACATE Garner's sentence and REMAND for resentencing consistent with this opinion.