# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2022

Lyle W. Cayce
Clerk

No. 21-10017

United States of America,

*Plaintiff—Appellee*,

*versus*

Andrew Taylor,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-180-1

Before Jolly, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Andrew Taylor appeals his 120-month sentence for being a felon in possession of a firearm, contending a sentencing enhancement for previous crimes of violence was erroneously applied. Though the district court disclaimed reliance on the erroneous Guidelines calculation, it referenced the Guidelines and their influence several times in Taylor's sentencing.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10017

Accordingly, the government cannot establish harmless error on this record. Thus, we vacate his sentence and remand for further proceedings.

I.

After being apprehended on suspicion of participating in two separate shootings, Taylor pleaded guilty to one count of being a felon in possession of a firearm. Taylor has prior convictions for offenses including burglary of a habitation, robbery by threats, and assault causing bodily injury with a family violence enhancement (assault family violence).

At sentencing, the district court ruled, over the defense's objection, that Taylor's prior conviction for assault was a crime of violence that made him eligible for an enhancement under the Sentencing Guidelines. Taylor's sentencing range of 84 to 105 months imprisonment was thus increased to 120 to 150 months. The district court disclaimed reliance on the Guidelines, stating that "even if my Guideline calculations here today are later determined to be incorrect, the 120-month sentence . . . would have still been the same sentence that I would have imposed otherwise based on my review of the 3553(a) factors." In its written statement, the district court also noted that "[e]ven if the [G]uideline calculations are not correct, this is the sentence the Court would otherwise impose under" 18 U.S.C. § 3553.

However, the district court also made repeated reference to the incorrect Guideline range at sentencing. In imposing the statutory maximum, the court noted that it considered "all the factors set forth in" 18 U.S.C. § 3553(a), "including *especially* the advisory sentencing guidelines . . . ." Sentencing Transcript at 14 (emphasis added); *see id.* at 9 ("Without [the statutory maximum], under the [G]uidelines you would have been looking at a 120 to 150-month sentence"); *id.* ("[I]f I had not granted the objection" pertaining to "the ACCA, you would have been looking at, under the [G]uidelines, 188 months to 235 months"); *id.* (noting that the court did not

2

"believe, in probably over 300 sentencings at this point, that [it had] seen a felon in possession with this large of numbers"); *id.* at 18 ("[Y]ou were looking at anywhere from 120 months to 150 months, and if I wouldn't have granted that objection, under the [G]uidelines you were looking [at] up to 235 months."). *But see id.* at 5 (noting that much of the discussion was "academic given that . . . defendant's statutory numbers or guideline numbers do go beyond the statutory maximum").

## II.

At issue is whether the district court's interpretation of the Sentencing Guidelines constitutes harmless error. We review "the sentencing court's interpretation or application of the Sentencing Guidelines de novo" while reviewing factual findings for clear error. *United States v. Robinson*, 741 F.3d 588, 598–99 (5th Cir. 2014) (citing *United States v. Neal*, 578 F.3d 270, 273 (5th Cir. 2009)).

Under Texas law, a person commits assault if he "intentionally, knowingly, or *recklessly* causes bodily injury to another, including the person's spouse." Tex. Penal Code § 22.01(a)(1) (emphasis added). While Taylor's appeal was pending, the Supreme Court determined in *Borden v. United States* that crimes that can be committed with a *mens rea* of recklessness are not violent felonies under the ACCA. 141 S. Ct. 1817, 1834 (2021). Similarly, this court has "interpreted U.S.S.G. § 4B1.2(a)(1)'s force clause to also exclude crimes that can be committed negligently or recklessly from the definition of 'crime of violence.'" *United States v. Garner*, 28 F.4th 678, 682 (5th Cir. 2022). Given that assault can be committed recklessly, Taylor's prior assault conviction does not constitute a crime of violence under the Guidelines. *See United States v. Greer*, 20 F.4th 1071, 1075 (5th Cir. 2021) (holding that a conviction for assault family violence "no longer qualifies as a crime of violence because the only force element in those

statutory subsections includes a mens rea of recklessness"). The district court therefore erred in its Guidelines calculation.

There are two paths to harmless error in Guidelines calculation. First, "a [G]uidelines calculation error is harmless where the district court has considered the correct [G]uidelines range and has stated that it would impose the same sentence even if that range applied." *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012).

Here, the government has not shown that the court considered the correct Guidelines range of 84 to 105 months, so this avenue is closed. This court has found consideration of an alternative range where the district court does not explicitly note it. *See United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008) (holding that a district court considered a lower sentencing range despite the fact that the court "did not comment on the guideline ranges that would apply . . . without enhancement"), *overruled on other grounds by United States v. Reyes-Contreras*, 910 F.3d 169, 178 (5th Cir. 2018) (*en banc*). However, *Bonilla* is distinguishable as the alternative range was mentioned in the PSR or objections thereto. *See id.* Here, the alternative range is not mentioned in the PSR or objections, so it cannot be shown that the district court considered it.

The second path to harmlessness for an erroneous Guidelines calculation is "if the proponent of the sentence 'convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing.'" *Richardson*, 676 F.3d at 511 (quoting *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010)). In other words, sentencing error must not be "influenced in any way by the erroneous Guidelines calculation." *United States v. Martinez-Romero*, 817 F.3d 917, 924 (5th Cir. 2016) (quoting *Ibarra-Luna*, 628 F.3d at 719).

No. 21-10017

Although the district court disclaimed reliance on the Guidelines, proving harmless error is a "heavy burden." *Richardson*, 676 F.3d at 511. It is not sufficient for the district court to "say the same sentence would have been imposed but for the error." *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir. 2017). Rather, such a statement should be "firm, plain, . . . clear," and made without equivocation. *United States v. Castro-Alfonso*, 841 F.3d 292, 298 (5th Cir. 2016).

Given the district court's references to the Guidelines, the statement disclaiming reliance on them is not enough to render the error harmless. While reference to the Guidelines does not, *per se*, show their influence, the district court's emphasis on them and its statement that they were especially considered in sentencing preclude the requirement for harmlessness that the district court cannot be "influenced in any way by the erroneous Guidelines calculation." *Martinez-Romero*, 817 F.3d at 924 (quoting *Ibarra-Luna*, 628 F.3d at 719). Similarly, though imposing the maximum sentence is "relevant" to showing that the court did not rely on the Guidelines, it does not overcome the court's repeated references to the Guidelines range, especially because the district court imposed the sentence concurrent with the related state case, potentially aligning the time to be served to the bottom of the Guidelines. *United States v. Groce*, 784 F.3d 291, 296 (5th Cir. 2015), *superseded by regulation on other grounds as stated in United States v. Halverson*, 897 F.3d 645, 651 (5th Cir. 2018).

In sum, given the extensive references to the erroneous Guidelines range, the government has failed to establish that the Guidelines calculation error was harmless.

\*            \*            \*

For the above reasons, we VACATE Taylor's sentence and REMAND for resentencing consistent with this opinion.