# United States Court of Appeals for the Fifth Circuit

_____

No. 22-30086
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jarvis Pierre,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CR-286-1

_____

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jarvis Pierre was convicted by a jury of (1) two counts of possession of a firearm and ammunition after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and (2) one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to concurrent 288-month terms of imprisonment for the § 922(g)

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30086

convictions and a consecutive 60-month term of imprisonment for the § 924(c) conviction. On appeal, Pierre contends the evidence was insufficient to support his convictions, the district court erred in admitting evidence of a traffic stop that occurred in Texas, he was denied the right to confront witnesses against him, and the district court erred in determining that he was an armed career criminal.

Pierre first argues that the Government failed to demonstrate he knowingly possessed a firearm in violation of § 922(g). Because he did not preserve this argument below, we review for plain error only. *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018). To show plain error, Pierre must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). When reviewing the sufficiency of the evidence, "an error is clear or obvious only if the record is devoid of evidence pointing to guilt" or "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Suarez*, 879 F.3d at 630–31 (cleaned up).

Here, the evidence included testimony that when Pierre was arrested in October 2018, police found a firearm beneath his seat when he was the driver and only occupant of the vehicle. Additionally, when he was pulled over in December 2018, police found another firearm wedged between Pierre's seat and the central console when again he was the driver and sole occupant of the vehicle. Because constructive possession may be demonstrated by showing dominion over the vehicle in which the contraband is located, Pierre is unable to demonstrate clear or obvious error. *See id.*; *see also United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012); *United States v. Polk*, 56 F.3d 613, 631 (5th Cir. 1995).

Pierre also argues that there is insufficient evidence to support his conviction under § 924(c) for possession of a firearm in furtherance of a drug-

No. 22-30086

trafficking crime because the Government failed to demonstrate that he had an agreement with another individual to engage in a drug-trafficking crime. Because Pierre filed a motion for a judgment of acquittal challenging the sufficiency of the evidence for his § 924(c) conviction, we review this issue de novo. *See* Fed. R. Crim. P. 29(c)(3); *United States v. Allison*, 616 F.2d 779, 784 (5th Cir. 1980). We must determine whether a reasonable jury could have found that the evidence established his guilt beyond a reasonable doubt. *United States v. Barnes*, 803 F.3d 209, 215 (5th Cir. 2015).

While Pierre asserts that there was no evidence he was engaged in drug trafficking, when he was arrested following the October 2018 traffic stop, police found a set of notebooks that contained records of drug sales and approximately $11,000. Moreover, evidence was put forth that Pierre discussed the distribution of drugs in recorded jail conversations, along with evidence that following an earlier traffic stop in Texas, police recovered 400 oxycodone pills and over $11,000 in cash from Pierre's vehicle. Finally, the firearm found during the October traffic stop was loaded, was easily accessible as it was under Pierre's seat, was in close proximity to large sums of money, and was illegally possessed in light of Pierre's earlier felony convictions. Viewing this evidence in the light most favorable to the Government, a reasonable jury could find beyond a reasonable doubt that Pierre possessed a firearm in furtherance of conspiracy to possess with intent to distribute a controlled substance or possession of a controlled substance with intent to distribute. *See id.*; *see also United States v. Masha*, 990 F.3d 436, 442 (5th Cir. 2021); *United States v. Moya*, 18 F.4th 480, 483 (5th Cir. 2021).

Next, Pierre argues that evidence of other acts should have been excluded. We review a district court's evidentiary rulings for an abuse of discretion, but the standard is "heightened" when evidence is admitted pursuant to Federal Rule of Evidence 404(b) "because evidence in criminal

No. 22-30086

trials must be strictly relevant to the particular offense charged." *United States v. Ramos-Rodriguez*, 809 F.3d 817, 821 (5th Cir. 2016) (cleaned up).

Pierre claims that the district court abused its discretion in admitting evidence from the Texas traffic stop under Federal Rule of Evidence 404(b) because it was not relevant to proving his alleged motive, opportunity, intent, or preparation. Despite Pierre's assertions to the contrary, the evidence from the Texas traffic stop was relevant to demonstrate his motivation in possessing a gun. *See United States v. Kinchen*, 729 F.3d 466, 472 (5th Cir. 2013) (holding that evidence of other act is relevant to establishing motive where the prior conduct helps establish why the defendant committed the charged offense). Moreover, the evidence that Pierre had previously been arrested with a large quantity of oxycodone was relevant to demonstrate his intent to engage in a drug conspiracy. *See United States v. Jones*, 930 F.3d 366, 373–74 (5th Cir. 2019) (holding that evidence of a prior conviction was relevant in determining intent when defendant argued that he was merely obtaining drugs for personal use). Finally, because Pierre merely asserts in a conclusory fashion that evidence from the Texas traffic stop tainted the jury's perception of him, he has abandoned any argument that the probative value of the evidence was outweighed by its prejudicial effect. *See United States v. Davis*, 609 F.3d 663, 698 (5th Cir. 2010).

Next, Pierre argues that the introduction of certain evidence violated his right to confront witnesses against him. We generally review the district court's admission of evidence that potentially implicates the Confrontation Clause for an abuse of discretion, subject to harmless-error review. *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011).

Pierre asserts that he was deprived of the opportunity to confront witnesses against him when a police officer testified that a tow truck operator discovered drugs in Pierre's vehicle following the Texas traffic stop.

However, because Pierre did not object to the officer's testimony as being a violation of the Confrontation Clause, we review this argument for plain error only. *See United States v. Sharp*, 6 F.4th 573, 581 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1124 (2022). In this case, the statements made by the police officer do not violate the Confrontation Clause because officers may refer to out-of-court statements in order to provide context for their investigation or to explain its background. *See United States v. Kizzee*, 877 F.3d 650, 657–59 (5th Cir. 2017).

Pierre also argues that the district court abused its discretion in admitting recordings of phone conversations between Pierre and other individuals that took place while he was in jail in Calcasieu Parish. *See United States v. Cheramie*, 51 F.3d 538, 540–41 (5th Cir. 1995). Although he argues that there was no evidence that he was one of the individuals on the recorded calls, the record shows that the calls were made or received with his unique inmate code at the jail, and Pierre stipulated that if a Calcasieu Parish Sheriff's employee were to testify, he would state that he put Pierre's jail call recordings on the thumb drive that was used at trial. Also, the recordings themselves belie Pierre's contention that the Government did not show that the other person on the calls was his mother. Pierre fails to brief, and has thus waived, any other alleged Confrontation Clause problem with the admission of these calls. *See Davis*, 609 F.3d at 698.

Finally, Pierre argues that his sentence was improperly enhanced when he was designated an armed career criminal. We review this issue de novo. *United States v. Schmidt*, 623 F.3d 257, 260 (5th Cir. 2010).

At the time of Pierre's offense, a defendant convicted of violating § 922(g) was generally subject to a statutory maximum prison sentence of 10

No. 22-30086

years. § 924(a)(2) (2021).[1] However, if the defendant had three or more prior convictions for a serious drug offense or a violent felony, he qualified as an armed career criminal and was subject to a minimum sentence of 15 years of imprisonment. § 924(e)(1). The district court determined that Pierre qualified as an armed career criminal based on his Louisiana convictions for possession of cocaine with intent to distribute, distribution of cocaine, and aggravated assault with a firearm. In light of our recent decision in *United States v. Garner*, 28 F.4th 678, 683 (5th Cir. 2022), Pierre was improperly designated as an armed career criminal because his conviction for aggravated assault with a firearm does not qualify as a violent felony. Therefore, the maximum term of imprisonment that could be imposed for each of Pierre's § 922(g) convictions was 120 months. *See* § 924(a)(2) (2021). Because Pierre's concurrent 288-month prison terms for his § 922(g) offenses exceed the statutory maximum, they must be vacated. *See* 18 U.S.C. § 3742(f)(1).

Pierre's convictions are AFFIRMED, the sentence is VACATED, and the case is REMANDED for resentencing.

---

[1] The pre-2022 version of the statute applies in Pierre's case. A higher range applies after an amendment effective in 2022. *See* § 922(a)(8).