# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2023

Lyle W. Cayce
Clerk

No. 22-11026

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

COREY JARREN FORBITO,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-130-1

_____

Before DENNIS, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Corey Jarren Forbito contests the use of the crime-of-violence sentencing enhancement and the constitutionality of the offense to which he pled guilty. Forbito concedes that both challenges are subject to plain-error review. Both challenges fail that review. Accordingly, we AFFIRM the District Court's sentence and judgment.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-11026

## I

Forbito pled guilty, without a written agreement, to possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(1)(2). The Presentence Report ("PSR") calculated his base offense level as 22 under U.S.S.G. § 2K2.1(a)(3) because (1) the offense involved a semi-automatic firearm capable of accepting a large capacity magazine and (2) Forbito's prior conviction for Louisiana domestic abuse aggravated assault was a "crime of violence" under the Guidelines. With a three-level reduction for acceptance of responsibility, Forbito's total offense level was 19. Based on a criminal history category of VI, the PSR calculated Forbito's Guidelines range as 63 to 78 months.

At sentencing, the District Court confirmed that there were no objections to the PSR and adopted its findings. It then imposed a within-Guidelines sentence of 72 months of imprisonment. The District Court stated that, "if the guidelines range was wrong, [it] still th[ought] that number that [it] articulated [wa]s the right number given the facts and circumstances of the case." Forbito appealed.

## II

As Forbito concedes, plain-error review applies here. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Plain-error review involves four prongs, each of which must be satisfied before we may intervene: (1) "there must be an error or defect . . . that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or

public reputation of judicial proceedings." *Id.* (citations and internal quotations omitted) (alterations and emphasis in original).

"Relief under the plain-error standard 'will be difficult to get, as it should be.'" *United States v. Figueroa-Coello*, 920 F.3d 260, 264 (5th Cir. 2019) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)). "The focus of plain error review should be 'whether the severity of the error's harm demands reversal,' and not 'whether the district court's action deserves rebuke.'" *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (alterations and quotation omitted).

### III

Forbito argues that the District Court erred when it concluded that his prior conviction for Louisiana domestic abuse aggravated assault was a "crime of violence" under the sentencing Guidelines.[1] In relevant part, a "crime of violence" is defined by the Guidelines as any state or federal offense punishable by more than one year of imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is . . . aggravated assault." § 4B1.2(a). In Forbito's case, the crime-of-violence sentencing enhancement resulted in an additional two points added to his base-offense level. Forbito contends that, had the District Court not "plainly erred" in adopting the PSR's finding that Louisiana domestic abuse aggravated assault was a crime of violence, his base offense level would have been 20 under U.S.S.G. Section 2K2.1(a)(4)(B)

---

[1] Forbito previously violated former Louisiana Revised Statute § 14:37.7, which criminalized "assault with a dangerous weapon committed by one household member upon another household member." LA. STAT. ANN. § 14:37.7(A) (effective June 5, 2012). A dangerous weapon "includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." LA. STAT. ANN. § 14:2(A)(3) (effective June 12, 2014).

(rather than 22 under Section 2K2.1(a)(3)); his total offense level would have been 17 after acceptance of responsibility (rather than 19); and his imprisonment range would have been 51–63 months (rather than 63-78 months). Forbito concludes that the District Court's crime-of-violence error not only affected his substantial rights, but also the fairness, integrity, and public reputation of judicial proceedings.

But Forbito's challenge stumbles at the second and falls at the third prong of the four-pronged plain-error inquiry. We therefore affirm.

## A

To succeed in the first prong Forbito must show "an error that has not been intentionally relinquished or abandoned." *United States v. Mims*, 992 F.3d 406, 409 (5th Cir. 2021) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). Per Forbito, it was error for the District Court to "rel[y] solely on the Presentence Investigation Report's 'characterization' of a prior offense 'in order to make its determination' about whether the crime qualifies as a categorical sentencing predicate." In addition, Forbito argues that, in light of our decision in *United States v. Garner*, 28 F.4th 678 (5th Cir. 2022), it was error to conclude that Louisiana domestic abuse aggravated assault is a "crime of violence."

Here, under plain-error review, we are not required to definitively conclude an error occurred. Instead, we can assume that one occurred and address whether the alleged error was clear or obvious in the second prong of the plain-error inquiry. *See United States v. Alvarado-Martinez*, 713 F. App'x 259, 265–66 (5th Cir. 2017) (unpublished) (assuming, without deciding, that error occurred and addressing why the error was not plain); *see also United States v. Rivas*, 455 F. App'x 531, 533 (5th Cir. 2011) (unpublished) ("As this appeal involves only plain-error review, we are not required to decide conclusively whether the . . . offense is a crime of violence under the residual

definition. This is because . . . Rivas's claim is at least 'subject to reasonable debate.' As such, he has not shown an error that is clear or obvious.") (citation omitted). We thus assume, without deciding, that the District Court erred—meaning that Forbito has satisfied the first prong—and continue with the remaining three prongs.

## B

Onward to the second prong. Here, Forbito must show that the error was clear or obvious. To determine "whether an error is 'clear or obvious,' [this Court] look[s] to the 'state of the law at the time of appeal,' and [it] must decide whether controlling circuit or Supreme Court precedent has reached the issue in question, or whether the legal question would be subject to 'reasonable dispute.'" *United States v. Scott*, 821 F.3d 562, 570–71 (5th Cir. 2016) (quoting *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015)). Forbito argues that the District Court committed clear or obvious error because: (1) it relied on the PSR alone to determine that Louisiana domestic abuse aggravated assault was a crime of violence; and (2) *Garner* suggests that Louisiana domestic abuse aggravated assault is not a crime of violence. We address each argument in turn.

## 1

Forbito's first assignment of clear or obvious error concerns the District Court's reliance on the PSR alone. The government failed to address this error. Without objection, the District Court adopted the findings and conclusions from the PSR, including the application of the crime-of-violence enhancement. It then, without objection, calculated the Guidelines range, which incorporated the application of the crime-of-violence enhancement. Absent from the sentencing transcript—and the rest of the record—is any reference to the District Court's independent assessment that Louisiana domestic abuse aggravated assault is a crime of violence. Forbito is correct

that "a district court [is not permitted] to enhance a sentence based solely on the type of PSR here, a mere characterization that the offenses were crimes of violence." *United States v. Ochoa-Cruz*, 442 F.3d 865, 867 (5th Cir. 2006). So, here, where the PSR simply characterized Forbito's prior offense as a crime of violence and where the District Court conducted no independent assessment to confirm that characterization, "[r]elying on the PSR alone was clearly and obviously erroneous" as a matter of law. *Id.* Forbito, then, satisfies the first and second prongs of the plain-error inquiry for his first assignment of clear or obvious error.

**2**

Forbito's second assignment of clear or obvious error fails to pass the second prong. This assignment of clear or obvious error concerns *Garner*'s supposed suggestion that Louisiana domestic abuse aggravated assault is not a crime of violence. Forbito maintains that Louisiana domestic abuse aggravated assault under LA. R.S. 14:37.7 is not a crime of violence because it is "nearly identical" to Louisiana aggravated assault with a firearm under LA. R.S. 14:37:4, the offense addressed in *Garner*.[2]

---

[2] By analogizing LA. R.S. 14:37.7 to LA. R.S. 14:37:4, Forbito argues that his predicate offense is not a crime of violence. For the reasons set forth below, such extension is improper. Although not addressed by the parties, we have taken different paths to conclusively define whether a certain offense is a crime of violence: (1) applying *Borden v. United States*, 141 S. Ct. 1817 (2021); or (2) applying a categorical or modified-categorical approach. *Compare United States v. Bates*, 24 F.4th 1017, 1018-19 (5th Cir. 2022) ("*Borden* governs what can (and can't) qualify as a crime of violence under the Sentencing Guidelines."), *with United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir. 2013) (en banc) ("When determining whether a prior conviction qualifies as a crime of violence under the Guidelines, we have been using the categorical approach …."), *abrogated on other grounds by Esquivel-Quintana v. Sessions*, 581 U.S. 385 (2017). We need not definitively conclude that LA. R.S. 14:37.7 is a crime of violence on plain-error review, and leave that question for another day. But, if we were to make such a conclusion, it is unclear which "school of thought"—*Borden* or the categorical approach—would apply.

The question presented in *Garner* was whether LA. R.S. 14:37:4 was a "crime of violence" under the Guidelines after it was amended in 2012. 28 F.4th at 680-81. Applying *de novo* review, we held that it is not. *Id.* at 680. Excluded from the crime-of-violence Guideline definition is any "crime[] that can be committed negligently or recklessly." *Id.* (citation omitted). So, if LA. R.S. 14:37:4 proscribed negligent or reckless use of force, it would not constitute a crime of violence. Before LA. R.S. 14:37:4's 2012 amendment, Louisiana caselaw held that the statute did, in fact, criminalize negligent conduct. *Id.* at 682 (citations omitted). But, said the government, that pre-2012 Louisiana caselaw was no longer applicable because it interpreted a prior version of LA. R.S. 14:37.4 in effect before the statute was amended to remove "the lone element of the offense that previously could have been satisfied by negligent conduct." *Id.* Accordingly, argued the government, post amendment, LA. R.S. 14:37.4 no longer criminalized negligent or reckless behavior, such that it was a crime of violence. *Id.*

We disagreed, reasoning that the post-amendment caselaw still held that negligent and reckless discharge would satisfy the more expansive statutory element the 2012 amendment enacted into law. *Id.* Further, relying on that post-amendment caselaw, we recognized that LA. R.S. 14:37.4 is classified broadly as a "general intent" crime, meaning it could be committed with reckless intent or by mere negligence. *Id.* at 683-84. Therefore, it could not be a crime of violence. *Id.*

Forbito would have us extend *Garner*'s reasoning to his specific offense, LA. R.S. 14:37.7, and hold that it is not a crime of violence. But *Garner* does not govern his case. Generally, "[a] lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). And we have repeatedly cautioned that "[a]n error is not plain if it requires the extension of precedent." *United States v. Cabello*, 33 F.4th 281, 291 (5th Cir. 2022) (emphasis and quotation omitted);

*see also United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010) ("An error is not plain under current law if a defendant's theory requires the extension of precedent.") (quotation omitted). Nowhere in *Garner* did we interpret Forbito's offense: LA. R.S. 14:37.7. Sure, the government concedes that Louisiana "[d]omestic abuse aggravated assault may be similar to the offense addressed in *Garner*," but, says the government, "it is not identical." The *Garner* decision was rooted in Louisiana caselaw that evidenced that LA. R.S. 14:37.4—and only LA. R.S. 14:37.4—was a general-intent crime that proscribed negligent and reckless conduct. Forbito fails to cite any Louisiana caselaw holding the same with respect to LA. R.S. 14:37.7. And his attempt to draw similarities between LA. R.S. 14:37.4 and LA. R.S. 14:37.7 so that the *Garner* reasoning could attach to his specific predicate offense proves that the alleged error is neither clear nor obvious. At best, the extension of *Garner*'s reasoning to Louisiana domestic abuse aggravated assault is a close call, and "[c]lose calls do not cut it for plain-error review." *United States v. McNabb*, 958 F.3d 338, 341 (5th Cir. 2020). Forbito, then, cannot satisfy the second prong of the plain-error inquiry with respect to the *Garner*-related error.

## C

Onward to the third prong, but only for Forbito's argument concerning the District Court's sole reliance on the PSR. Because the District Court's sole reliance on the PSR amounts to a clear or obvious error as a matter of law, Forbito next must show that this error affected his substantial rights. "To affect the defendant's substantial rights, the defendant must demonstrate that the error affected the outcome of the district court proceedings." *Escalante-Reyes*, 689 F.3d at 424 (quoting *United States v. Broussard*, 669 F.3d 537, 553 (5th Cir. 2012)). "In the context of sentencing, [this Court] ask[s] 'whether the error increased the term of a sentence, such that there is a reasonable probability of a lower sentence on remand.'" *Id.* (quoting *United*

No. 22-11026

*States v. Garcia–Quintanilla,* 574 F.3d 295, 304 (5th Cir. 2009)); *see also United States v. Suarez*, 879 F.3d 626, 635 (5th Cir. 2018) ("The error affects substantial rights if there is a reasonable probability that, but for the error, the defendant would have received a lesser sentence.") (quotation and alteration omitted).[3]

Forbito maintains that, due to the erroneous application of the crime-of-violence sentencing enhancement, he was sentenced under an incorrect (and higher) Guidelines range, which necessarily affected his substantial rights. Absent the crime-of-violence enhancement, the proper Guidelines range should have been 51 to 63 months, says Forbito; yet, at sentencing, the District Court applied a Guidelines range of 63 to 78 months. To be sure, "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself *can*, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez*, 578 U.S. at 198 (emphasis added). That is "the ordinary case," said the Supreme Court. *Id.* at 201. But Forbito's is not the ordinary case.

Here, it matters not that the applied Guidelines range may have been incorrect.[4] That's because "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist. . . . The record in a case may show, for example, that the

---

[3] *But see Dominguez Benitez*, 542 U.S. at 83 n.9 ("The reasonable-probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different.").

[4] Accordingly, we need not (and do not) definitively conclude that the District Court applied an erroneous Guidelines range, which would necessarily be based on a definitive conclusion that Louisiana domestic abuse aggravated assault was or was not a crime of violence.

district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 200. So, "[a] defendant may not carry his plain error burden . . . if the sentencing court nevertheless concluded the chosen sentence was appropriate regardless of the correct Guidelines range or the sentence was based on factors independent of the Guidelines." *United States v. Randall*, 924 F.3d 790, 796 (5th Cir. 2019) (internal quotation marks and citations). *That* is Forbito's case.

In imposing its sentence, the District Court stated that it was "looking at the factors in 18 U.S. Code § 3553(a), the advisory sentences Guidelines, the factual resume, [and] all of the mitigating and aggravating factors." It then "walk[ed] [the parties] through [its] justification for setting the sentence that [it] set." It explained that it was "looking at the three factors from 18 U.S. Code § 3553(a)," and discussed: (1) the history and characteristics of the defendant, including his prior convictions and his childhood trauma; (2) the nature and circumstances of the offense, including the seriousness of the offense, the need for a just punishment, and that Forbito "unlawfully possessed two pistols[,] . . . was heavily intoxicated[,] and in possession of multiple drugs"; and (3) the need to promote respect for the law, especially considering that Forbito's "prior sentences had not deterred his unlawful behavior." After the District Court imposed its sentence, it continued: "I will say if the Guidelines range was wrong, I still think that number that I articulated is the right number given the facts and circumstances of the case."

This last sentence lends itself to the exact scenario the Supreme Court contemplated when discussing instances where a reasonable probability of a different outcome does not exist. *See Molina-Martinez*, 578 U.S. at 200. In *Molina-Martinez*, the Court explicitly stated that a reasonable probability of prejudice does not exist when the record shows "that the district court *thought* the sentence it chose was appropriate irrespective of the Guidelines

range." *Id.* at 200 (emphasis added). And that is precisely what the record shows here: that the District Court *thought* the sentence was appropriate irrespective of the Guidelines range. A side-by-side comparison makes this clear:

| *Molina-Martinez*, 578 U.S. at 200 | The District Court |
|---|---|
| "[I]rrespective of the Guidelines range" | "[I]f the Guidelines range was wrong" |
| "[T]he district court thought the sentence it chose was appropriate" | "I still think that number that I articulated is the right number" |

The wording is sufficiently similar. Applying *Molina-Martinez*, the District Court's statement is enough to show a reasonable probability of a different outcome.

Turning a blind eye to *Molina-Martinez*, Forbito maintains that the District Court's statement that it "think[s]" the sentence is right presents a troubling uncertainty and inherent ambiguity. He suggests that the it should have "stat[ed] clearly that the sentence imposed '*would*' be the same even if Guideline error existed." Contrary to Forbito's understanding, however, there is no mandate that the sentencing court incant "magic words" when articulating that the imposed sentence is appropriate irrespective of the Guidelines. For example, in *Molina-Martinez*, the Supreme Court reasoned that "there [wa]s at least a reasonable probability that the District Court would have imposed a different sentence" where "[t]he District Court said nothing to *suggest* that it would have imposed a 77–month sentence regardless of the Guidelines range." 578 U.S. at 202 (emphasis added). There, all the Court was looking for was a mere suggestion in the record that the sentence imposed was appropriate independent of the Guidelines range—not a specific declaration. In any event, it expressly stated that a "thought" on the

record is sufficient. *See id.* at 200 (reasoning that a district court's "thought" that the sentence it chose was appropriate irrespective of the Guidelines range is sufficient to defeat a defendant's third-prong burden). No magic incantation is necessary. Here, the District Court's statement on the record that it "still think[s] that number that [it] articulated is the right" is sufficient under *Molina-Martinez*. *See id.* at 202.

Of course, the District Court did not merely state that it "thought" the imposed sentence was appropriate independent of the Guidelines range. It explained why: because of the facts and circumstances of the case. That "explanation . . . make[s] it clear that the judge based the sentence he or she selected on factors independent of the Guidelines." *Id.* at 200. By stating, "I will say if the Guidelines range was wrong, I still think that number that I articulated is the right number given the facts and circumstances of the case," the sentencing court articulated that: (1) it nevertheless would have concluded that the imposed sentence was appropriate regardless of the correct Guidelines range; and (2) the sentence was based on factors independent of the Guidelines, namely, the facts and circumstances of the case. *See Randall*, 924 F.3d at 796. That is all that is needed to prevent a defendant from carrying his plain-error burden in this instance. *See id.* Because the District Court stated that it thought "the facts and circumstances of the case" occasioned the sentence it imposed irrespective of the correct Guidelines range, Forbito cannot show a reasonable probability that, but for the error, the outcome of the proceeding would have been different. *See Mims*, 992 F.3d at 409. Therefore, Forbito cannot show that the alleged error affected his substantial rights.

One potential issue Forbito seemingly references is what to make of the District Court's repeated references to the Guidelines range when explaining the sentence. In *United States v. Segovia-Rivas* we stated: "When an

erroneous sentencing factor produces a higher guidelines range and is such a central part of the district court's explanation of the defendant's sentence that we cannot confidently say that the district court would have imposed the same sentence without it, we find prejudice." 716 F. App'x 292, 297 (5th Cir. 2018) (unpublished) (internal quotation marks, alterations, and citation omitted). There, at sentencing, the district court stated: "[The] [s]entence I impose would be the same sentence I'd impose either with or without an advisory Guideline sentence-system." *Id*. at 296. We were "unsure what to make of this statement" and concluded that, in light of the sentencing record as a whole, it was "entirely implausible" that the court meant "that it would have imposed the same sentence whether or not there were Guidelines at all." *Id*.

The sentencing court there did not demonstrate that the defendant's sentence was "untethered from the erroneous [sentencing] enhancement and the correspondingly higher Guidelines range." *Id*. *First*, the sentencing court imposed a within-Guidelines sentence. *Id*. *Second*, "the court never explained what it would have done had it applied the correct range"—"it confronted only the erroneously higher range."[5] *Id*. (citing *United States v. Rico-Mejia*, 859 F.3d 318, 323 (5th Cir. 2017) ("One way to demonstrate that the sentence was not imposed as a result of the Guidelines error is to show that the district court considered the correct Guidelines range and subsequently indicated that it would impose the same sentence even if that range applied."), *overruled on other grounds by United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc)). *Third*, "the court emphasized again and again the role of [the defendant's] crime-of-violence conviction in the

---

[5] It's hard to imagine how, in practice, a district court might do this. Presumably, at sentencing, the court does not know that it is applying an erroneous Guidelines range. How, then, should it confront a different range when it believes it is applying the correct one? Only a district court with the powers of Nostradamus would be able to do this.

sentencing decision." *Id.* Accordingly, because the erroneous sentencing factor was a central part of the district court's explanation of the sentence, we held that the defendant satisfied the third prong of the plain-error inquiry. *Id.* at 297.

To be sure, when sentencing Forbito, the District Court did refer to "the appropriate Guideline calculations based on the relevant federal statutes from the 2018 manual" and specifically stated that, "in setting a sentence," it looked to "the advisory sentences Guidelines" in addition to the 18 U.S.C. § 3553(a) factors, "the factual resume, [and] all of the mitigating and aggravating factors." It also identified that the sentence it imposed was "just above the middle of the Guideline range" and that certain mitigating factors "drew [the court] down from the top end of the Guidelines." Importantly, unlike the district court in *Segovia-Rivas*, the District Court specifically offered its reasoning as to why the imposed sentence was still appropriate *independent* of the Guidelines: "the facts and circumstances of the case." Those facts and circumstances are untethered from the crime-of-violence sentencing enhancement and resulting Guidelines range. *See Segovia-Rivas*, 716 F. App'x at 297. Accordingly, the allegedly erroneous guidelines range was not "such a central part of the district court's explanation of [Forbito's] sentence." *See id.* (alteration and citation omitted). The central part of the sentencing court's explanation of Forbito's sentence was "the facts and circumstances of the case."

In sum, the record shows that the sentence imposed was based on factors irrespective to and independent of the Guidelines, *see Randall*, 924 F.3d at 796, so it matters not that the applied Guidelines range *could* have been

No. 22-11026

incorrect. Forbito, then, cannot satisfy the third prong of the plain-error inquiry.[6]

## IV

Forbito also contends that § 922(g)(1) is unconstitutional because it infringes on the Second Amendment. This challenge also fails plain-error review. Assuming without deciding that Forbito demonstrates an error that satisfies the first prong of the plain-error inquiry, he cannot show that the alleged error was clear or obvious and so fails at the second prong.

_____

[6] Even if we proceeded to the fourth prong, Forbito still would not carry his burden. "This circuit has repeatedly emphasized that even when we find that the first three factors have been established, this fourth factor is not automatically satisfied." *United States v. Wooley*, 740 F.3d 359, 369 (5th Cir. 2014) (quotation omitted). "The fourth prong of plain error asks whether the error affects the fairness, integrity, or public reputation of judicial proceedings such that the appellate court should exercise its discretion to correct the error." *Escalante-Reyes*, 689 F.3d at 425 (internal quotation marks and citation omitted). The prong "is 'dependent upon the degree of the error and the particular facts of the case.'" *Mims*, 992 F.3d at 410 (quoting *United States v. Davis*, 602 F.3d 643, 651 (5th Cir. 2010)). The District Court's alleged error in applying the crime-of-violence enhancement does not affect the fairness, integrity, or public reputation of judicial proceedings, so no plain error exists here. Four observations make this clear.

*First*, because Forbito cannot show that the error affected his substantial rights when the same sentence would have been imposed regardless of the Guidelines, the error is effectively nonexistent. *Second*, because the difference between what Forbito calls the "correct" Guidelines range, 51 to 63 months, and the applied Guidelines range, 63 to 78, is relatively minor, so, too, is any sentencing error. *Third*, because Forbito's sentence of six year's imprisonment is well below the statutory maximum of ten year's imprisonment, the alleged error does not compromise the fairness of the proceeding. *See Mims*, 992 F.3d at 410. *Fourth*, because the record reflects that Forbito has repeatedly engaged in the same types of activity after conviction and imprisonment, the error does not affect the fairness of the proceeding. *See id.* at 411.

15

No. 22-11026

## A

To the first prong. Forbito argues it was error for the District Court to convict him under an allegedly unconstitutional statute. Under plain-error review, we need not decide whether § 922(g)(1) is unconstitutional, such that it was error to convict him of the crime. That is because we can assume, without deciding, that an error occurred because the alleged error was neither clear nor obvious. *See supra* Part II(A); *see also United States v. Andaverde-Tinoco*, 741 F.3d 509, 518 (5th Cir. 2013) (addressing first and second prongs of plain-error review together as one inquiry).

## B

To the second prong. Forbito argues that a conviction based upon an unconstitutional statue is both "plain" and "error." In support, he cites the *Bruen* case. In *Bruen*, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home," and concluded that New York's public-carry licensing regime was unconstitutional because New York issued licenses "only when an applicant demonstrate[d] a special need for self-defense." 142 S. Ct. at 2122. The Court set forth a new test for assessing the constitutionality of a statute under the Second Amendment. *See id.* at 2125–26, 2129–30. "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129–30. Only if the government meets its burden "may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* at 2130 (internal quotation marks and citation omitted). In his concurrence, Justice Kavanaugh—quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 786 (2010)—stated,

16

"[n]othing in our opinion should be taken to cast doubt on longstanding pro-hibitions on the possession of firearms by felons." *Id.* at 2162 (Kavanaugh, J., concurring) (internal quotation marks omitted). *Bruen* did not address § 922(g)(1).

We recently extended *Bruen* to a preserved Second Amendment chal-lenge to § 922(g)(8), which bans the possession of firearms by a person sub-ject to a domestic violence restraining order. *See United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023), *petition for cert. filed* (U.S. Mar. 17, 2023) (No. 22-915). Explaining that "*Bruen* clearly fundamentally changed our analysis of laws that implicate the Second Amendment" and rendered prior precedent "obsolete," *id.* at 450-51 (internal quotation marks, brackets, and citation omitted), the *Rahimi* Court held—on *de novo* review—that § 922(g)(8) was unconstitutional, *id.* at 448, 461.

Noting that "[t]he Court held that § 922(g)(8) is unconstitutional un-der the Second Amendment," Forbito hopes this Court will hold the same with respect to § 922(g)(1). Says Forbito: "*Bruen* suggests that § 922(g)(1) is unconstitutional." We, however, have not yet addressed the impact of *Bruen* on § 922(g)(1).[7] Again, in the plain error context, "a lack of binding authority is often dispositive." *United States v. McGavitt*, 28 F.4th 571, 577 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 143 S. Ct. 282 (2022). While Forbito need not show that his specific challenge has been ad-dressed in a prior decision, "he must at least show error in the straightfor-ward applications of existing cases." *Cabello*, 33 F.4th at 291 (internal quota-tion marks and citation omitted). Arguments that require the extension of existing precedent cannot meet the plain-error standard. *Id.* In addition, any

---

[7] Prior to *Bruen*, we rejected Second Amendment challenges to § 922(g)(1). *See, e.g.*, *United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003).

error is not plain if "this circuit's law remains unsettled and the other federal circuits have reached divergent conclusions." *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).

There is no binding precedent holding § 922(g)(1) unconstitutional, *see McGavitt*, 28 F.4th at 577, and it is unclear that *Bruen* dictates such a result, *see* 142 S. Ct. at 2126 (requiring historical analysis); *Cabello*, 33 F.4th at 291. Moreover, the Third and Eighth Circuits have reached divergent conclusions regarding the statute's constitutionality. In *Range v. Lombardo*, the Third Circuit recently considered a preserved as-applied constitutional challenge to § 922(g)(1) under *Bruen*. 69 F.4th 96, 98–99 (3rd Cir. 2023). Range was previously convicted in state court of making a false statement to obtain food stamps, which carried a maximum of five years of imprisonment. *Id.* at 98. He sued in the district court so that he could purchase a hunting rifle and a shotgun for self-defense at home. *Id.* at 99. The Third Circuit held that: (1) Range remained one of the people protected by the Second Amendment despite his conviction; and (2) the Second Amendment's plain text covered Range's proposed conduct. *Id.* at 101–03. It then rejected the Government's reliance on the statements in *Heller*, *McDonald*, and *Bruen* that seemingly approved of felon disarmament, *id.* at 103–05, and ultimately concluded that the Government failed to show that the "Republic has a longstanding history and tradition of depriving people like Range of their firearms," *id.* at 106.

The Eighth Circuit, however, rejected preserved as-applied constitutional challenges to § 922(g)(1) under *Bruen*. *United States v. Jackson*, 69 F.4th 495, 499, 501–02 (8th Cir. 2023); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023). Relying on the Supreme Court's statements in *Heller*, *McDonald*, and *Bruen* that seemingly approved of felon disarmament, the Eighth Circuit held that it will not engage in felony-by-felony consideration of the constitutionality of § 922(g)(1) as applied to particular

defendants. *See Jackson*, 69 F.4th at 501-02; *Cunningham*, 70 F.4th at 506. The different conclusions reached by the Third and Eighth Circuits noted above further support the conclusion that this unsettled question is neither clear nor obvious error.

We have rejected plain-error challenges to § 922(g)(1) under *Bruen* in a number of unpublished opinions. *See, e.g.*, *United States v. Garza*, No. 22-51021, 2023 WL 4044442, at *1 (5th Cir. June 15, 2023) (unpublished); *United States v. Johnson*, No. 22-20300, 2023 WL 3431238, at *1 (5th Cir. May 12, 2023) (unpublished); *United States v. Roy*, No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023) (unpublished); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023) (unpublished); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281, at *1 (5th Cir. May 2, 2023) (unpublished). And we do not change course today. The absence of precedent, ambiguity of *Bruen*'s application to § 922(g)(1), and the differing conclusions drawn by other circuit's contemplating the very issue on this appeal issue evidence that Forbito cannot demonstrate an error that is clear or obvious.

## V

Under plain-error review, Forbito's challenges to the District Court's application of the crime-of-violence sentencing enhancement and to the constitutionality of § 922(g)(1) fail for the reasons discussed above. Thus, the District Court's sentence and judgment is AFFIRMED.